# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFT MICHIGAN,

    Plaintiff,

v.

PROJECT VERITAS and
MARISA L. JORGE,

    Defendants.
_____/

Civil Case No. 17-13292
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO TAKE DEPOSITION FROM R. SEDDON (ECF NO. 193)

Before the Court is Plaintiff AFT Michigan's motion to extend the discovery deadline to take the deposition of non-party Richard Seddon, filed July 22, 2021. (ECF No. 193.) The motion has been fully briefed. (ECF Nos. 196, 198.) Finding the facts and legal arguments adequately presented in the parties' briefs, the Court is disposing of oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants the motion.

## Background

Discovery in this matter closed on June 30, 2020.[1] (ECF No. 164.) On July 22, 2021, Plaintiff AFT Michigan ("AFT") filed the pending motion to take the deposition of Mr. Seddon, who worked for Defendant Project Veritas for some period between 2016 and 2018, and supervised Defendant Marisa Jorge in her infiltration of AFT. Mr. Seddon was not an employee of Project Veritas. Instead, he was an independent contractor. AFT indicates that it has been attempting to locate Mr. Seddon since this litigation began in order to depose him but was unable to do so due to Mr. Seddon's efforts to keep his personal information (including his address) private. (*See* Murray Decl. ¶¶ 6, 7-9, ECF No. 193-1 at Pg ID 6135.)

According to AFT Manager Bradford Murray, who performed the search to locate Mr. Seddon, Mr. Seddon's address in Wyoming was located only "recently." (*Id.* ¶ 10, Pg ID 6135.) On June 26, 2021, Mr. Seddon was served with a subpoena for his deposition in Wyoming.[2] (*Id.* ¶ 10, Pg ID 6135; *see also* Service Return, ECF No. 193-2 at Pg ID 6137.) The subpoena directs Mr. Seddon to produce at the deposition "any document, whether tangible or electronic, relating to work

---

[1] By stipulation, the parties did extend discovery to July 31, 2020, but only to complete depositions timely noticed and served before the June 30 deadline. (ECF No. 145 at Pg ID 3829-31.)

[2] The subpoena noticed the deposition for August 16, 2021. (*See* Subpoena, ECF No. 198-1.)

2

performed for, with on [sic] on behalf of Project Veritas; any document relating to compensation paid by Project Veritas for services performed for it[.]" (ECF No. 198-1 at Pg ID 6298 (capitalization removed).)

Four days after serving Mr. Seddon, AFT provided notice of the deposition to counsel for Defendants Project Veritas and Marisa Jorge. (6/30/21 Cousens Email, ECF No. 196-2 at Pg ID 6211-12.) The notice indicates that Mr. Seddon is directed to bring the same documents listed in the subpoena to his deposition. (Notice, ECF No. 196-3 at Pg ID 6214-15.) Despite a request from Defendants' counsel for a copy of the subpoena (6/30/21 Mersino Email, ECF No. 196-2 at Pg ID 6211), AFT only provided a copy when it attached the subpoena as an exhibit to its reply brief in support of the pending motion (*See* Subpoena, ECF No. 198-1.)

Defendants first argue that AFT's subpoena is procedurally defective and presumptively prejudicial because a copy was not provided to Defendants before service on Mr. Seddon, as required by Federal Rule of Civil Procedure 45(a)(4). Due to the subpoena not being served on them, Defendants maintain that they lacked knowledge of the documents sought from Mr. Seddon and the opportunity to object to the production of those documents. Defendants further maintain that this procedural defect renders the subpoena "void and unenforceable." (Resp. at 4, ECF No. 196 at Pg ID 6189 (citing *Florida Media Inc. v. World Publ'ns, LLC*, 236 F.R.D 693 (M.D. Fla. 2006).)

3

Defendants next argue that the subpoena was defective because it was issued and served after the discovery deadline. A subpoena issued after discovery closed, Defendants assert, must be quashed. (*Id.* at 5, Pg ID 6190 (citing *Martin v. Oakland Cnty.*, No. 06-cv-12602, 2008 WL 4647863, at *1-2 (E.D. Mich. Oct. 21, 2008) (quoting *Fabery v. Mid-South OB-GYN*, No. 06-2136, 2008 U.S. Dist. LEXIS 39679, at *3-5 (W.D. Tenn. May 15, 2008))).[3]

Defendants also ask the Court to deny AFT's motion because AFT attached supporting materials that allegedly violate the parties' stipulated protective order. Specifically, Defendants assert that the transcripts from James O'Keefe's and Ms. Jorge's depositions, including the excerpted portions appended to AFT's motion, were designated confidential.

Defendants also argue that AFT fails to establish good cause to reopen discovery, that discovery already produced contradicts the factual assertions AFT makes to support its motion regarding Mr. Seddon's involvement with the infiltration of AFT, relatedly that the proposed discovery is irrelevant, and that the information sought is overly broad. Lastly, Defendants maintain that they will

---

[3] In their response brief, Defendants provide the Westlaw citation for *Fabery* that is set forth in the magistrate judge's decision in *Martin v. Oakland County*, No. 2:06-cv-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008). It is not the correct cite. Despite being decided in 2008, this decision in *Fabery* is curiously published in Westlaw at 2000 WL 35641544.

4

suffer prejudice if AFT's motion is granted. The only harm Defendants specifically identify is that "approving service of said subpoena *post hoc*" interferes with their interest in preventing the disclosure of documents unrelated to the subject of this case (i.e., the infiltration of AFT). (Resp. at 19, ECF No. 196 at Pg ID 6204.)

### Applicable Law and Analysis

Rule 16 of the Federal Rules of Civil Procedure states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citation omitted). The Sixth Circuit has identified five factors relevant to deciding whether to allow additional time for discovery:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . prior discovery requests.

*Id.* (quoting *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011)) (additional citations omitted). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.* (quoting *Bentkowski*, 637 F.3d at 696)) (alterations omitted). As the Sixth Circuit

5

has explained elsewhere: "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citation omitted).

    AFT establishes through Mr. Murray's declaration that it has been diligently attempting to locate Mr. Seddon since the initiation of this litigation and that it located him only after the discovery deadline. Contrary to Defendants' assertions, the Court does not find it necessary that Mr. Murray or AFT provide a more detailed description of the steps taken to locate Mr. Seddon. It accepts Mr. Murray's statements, made under the penalty of perjury, that continued efforts to locate Mr. Seddon have been made for the past three years but have been unsuccessful, not due to a lack of diligence, but rather the "extreme measures" taken by Mr. Seddon "to hide his identity and location and keep his public records 'footprint' secret." (Murray Decl. ¶ 7, ECF No. 193-1 at Pg ID 6135.) Defendants offer nothing to suggest that Mr. Seddon could have been easily found.

    AFT's diligence is not undermined by the fact that subpoenas for Mr. Seddon's deposition were issued only in March and June 2020, when his involvement with Project Veritas' infiltration of AFT had been discussed months

6

earlier during the depositions of Ms. Jorge and Mr. O'Keefe in December 2019 and January 2020, respectively.[4] AFT had to locate Mr. Seddon before issuing those initial subpoenas. And as Mr. Murray indicates, this was a difficult task. AFT's attempts to serve Mr. Seddon in Montana in March and June 2020, as well as their efforts to serve him in Virginia (*Id.* ¶ 6, Pg ID 6135), reflect diligence to complete his discovery before the discovery deadline.

Defendants fail to identify possible prejudice if the Court reopens discovery for the limited purpose of allowing AFT to depose Mr. Seddon. Despite the close of discovery, discovery remains outstanding. The magistrate judge has issued decisions allowing discovery (*see* R&R, ECF No. 152); however, that discovery has not been completed due to the pendency of objections to the magistrate judge's decision (Objections, ECF Nos. 157, 158). As a result, Mr. Seddon's deposition

---

[4] Defendants fail to establish that the portions of the deposition transcripts attached to AFT's motion are confidential. To support the assertion, Defendants submit emails referencing attached transcripts, "marked for confidentiality pursuant to the [parties'] protective order." (Klein Emails, ECF No. 196-4 at Pg ID 6127-18.) The transcripts unsurprisingly are not included in Defendants' exhibit. (*Id.*) However, in the protective order, the parties expressly acknowledge that it "does not confer blanket protections" and "that the protection it affords . . . extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles." (*See* Protective Order ¶ 2, ECF No. 89 at Pg ID 2301.) Further, the parties agree to a procedure for marking only *pages* of transcripts confidential. (*Id.* ¶ 7(b)(ii)(2), Pg ID 2307.) Notably, the protective order allows the parties to submit confidential information to the Court to *inter alia* prosecute the matter, albeit under seal. (*Id.* ¶¶ 9(a), 10(a)(iv), 13(c), Pg ID 2310, 2312, 2316.)

7

will not add further delay to these proceedings. Defendants are aware of the documents being sought from Mr. Seddon and may object to the disclosure of those documents to the extent they have standing to do so.

For that reason, Defendants are not prejudiced by AFT's failure to serve them with a copy of the subpoena before it was served on Mr. Seddon in violation of Rule 45(a)(4). *See* Fed. R. Civ. P. 45(a)(4) ("If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."). Significantly, AFT sent the notice of the subpoena to Defendants' counsel a few days after the subpoena was served. Further, the documents the subpoena directs Mr. Seddon to bring to his deposition are the same documents referenced in the notice. Unlike the District Court for the Middle District of Florida, *see Florida Media*, 236 F.R.D. at 695, the Courts in the Sixth Circuit decline to quash subpoenas based on a technical violation of Rule 45(a)(4) where the moving party suffered no prejudice.[5] *See, e.g., Sys. Prods. & Solutions, Inc. v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at \*6 (E.D. Mich. Aug. 8, 2014) (citing *Black v.*

---

[5] *Florida Media* is also distinguishable because there, unlike here, the plaintiff's attorney provided no notice of the subpoenas he issued. 236 F.R.D. at 694. Plaintiff's counsel would not even provide defense counsel with a list of who had been subpoenaed. *Id.*

*Kyle-Reno*, No. 1:12-cv-503, 2014 WL 667788, at *2 (S.D. Ohio Feb. 20, 2014));

*Friedberg v. Madison Realty Invs., Inc.*, No. 1:16-mc-0003, 2016 WL 1562948, at *2 (S.D. Ohio Apr. 18, 2016) (citing *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 252 (S.D. Ohio 2011) ("The Court can move past a technical violation of Rule 45(a)(4) and examine the merits of the matter when the movant has not been prejudiced by the violation.")).

The subpoena served on Mr. Seddon was not void because it was issued after the close of discovery. "A subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order[.]" *Martin*, 2008 WL 4647863, at *1 (quoting *Fabery*, 2008 U.S. Dist. LEXIS 39679, at *3). Nevertheless, the service of a subpoena after the close of discovery simply subjects it to a motion to quash and "the decision to quash . . . 'must necessarily be committed to the sound discretion of the trial court . . ..'" *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) (citing *Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984)). But Defendants lack standing to challenge this non-party subpoena on the basis of timeliness. *See Croskey v. BMW of N. Am., Inc.*, No. 2005 WL 8154367, at *2 (E.D. Mich. Jan. 31, 2005) ("BMW challenges the subpoena solely on the bases of non-compliance with Fed. R. Civ. P. 45; timeliness; and burden and/or expense to dealers and BMW. . . . BMW lacks

9

standing to challenge the subpoena on this bases."); *cf. Fabery*, 2008 U.S. Dist. LEXIS 39679, at *7 (quashing subpoena served *upon the defendant* after the discovery deadline).

AFT establishes that it seeks relevant evidence from Mr. Seddon. Mr. Seddon can provide information with respect to Project Veritas' infiltration of AFT, even if he was not involved during the entire course of the investigation. He possibly knows who made the decision to infiltrate AFT even if he became involved after the decision was made, how the documents from AFT were used, and how the action was being supported. The fact that AFT may have covered the same subjects with other witnesses does not diminish the materiality of his testimony. AFT certainly can pursue discovery it believes might test the veracity of previously disclosed evidence. Defendants' assertion the subpoena is overly broad is not a basis for Defendants to seek to quash it. "The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a non-party." *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (citation omitted); *see also Sys. Prods. & Sols.*, 2014 WL 3894385, at *7 (quoting *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008)).

Finally, Defendants assert only a vague interest in preventing disclosure of the documents sought from Mr. Seddon. In any event, they have not asserted a claim of privilege and that is the only challenge they have standing to raise. *Id.*

## Conclusion

In short, the Court finds good cause to extend the discovery deadline for the limited purpose of allowing AFT to depose Mr. Seddon. Defendants do not assert a viable challenge to the subpoena.

Accordingly,

**IT IS ORDERED** that AFT Michigan's Motion to Take Deposition from R. Seddon (ECF No. 193) is **GRANTED**.

**IT IS SO ORDERED.**

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: March 14, 2022