EXHIBIT C

United States of America
In the District Court for the Eastern District of Michigan
Southern Division

AFT Michigan,                                  HON. Linda A. Parker District Judge
      Plaintiff,

v                                              Case No.:  17 - cv-13292

Project Veritas, a foreign corporation,
and Marisa L. Jorge, a/k/a Marissa Jorge,
a/k/a Marissa Perez,
      Defendants.

---

MARK H. COUSENS                     PAUL M. MERSINO
Attorney for the Plaintiff          BUTZEL LONG
26261 Evergreen Road, Suite 110     150 W Jefferson, Suite 100
Southfield, Michigan  48076         Detroit, Michigan  48226
cousens@cousenslaw.com              mersino@buztel.com
248-355-2150                        313-225-7000
P12273                              P72179

---

There is no other pending or resolved civil action
arising out of the same transaction or occurrence
alleged in the Complaint.

## SECOND AMENDED COMPLAINT
## AND DEMAND FOR TRIAL BY JURY
(Supplemental Pleading)

### Preliminary Statement

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

    This is an action under Michigan and federal law seeking redress for the
fraudulent, unauthorized and unlawful covert surveillance and recording of the Plaintiff
and its staff, the theft and copying of private documents and the fraudulent,

unauthorized and unlawful gathering of information and the dissemination of information unlawfully gathered. Defendants and their agents are political actors who engage in misrepresentation of who they are for the purpose securing statements which are then manipulated and altered for the purpose of disparaging the actions of the objects of their purported investigation. This action seeks to prevent the Defendants from using or publishing information which was obtained in violation of Michigan law.

**Parties**

1.      Plaintiff is a labor organization. It is the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Affiliated with Plaintiff are more than ninety separate labor organizations representing more than 35,000 individuals. AFT Michigan maintains its principal office in the County of Wayne.

2.      Defendant "Project Veritas" ("PV") is a Virginia nonstock, nonprofit corporation with its principal place of business in Mamaroneck, New York. James O'Keefe is stated to be the chief executive officer. O'Keefe is a resident of the state of New York.

3.      PV has engaged in a national campaign to disparage and harm a wide variety of entitles, publications and individuals through implanting persons within these organizations who use a variety of techniques to secretly record statements which are then manipulated and distorted.

4.      PV's common technique is to have an individual use false pretenses and misrepresentation regarding their identity and purpose to infiltrate an entity and cause

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

representatives or employees of that organization to make statements which are covertly recorded and then published although manipulated. Its common technique is to take comments out of context or outright falsify statements which are then released to the public.

5.  PV has sought to disparage major news organizations and public figures.

6.  In particular, Plaintiff has sought to disparage labor organizations representing public educators. PV has an established project to attack labor organizations representing public school employees.

7.  See e.g. http://projectveritas.com/teachers-unions-investigations/

8.  Defendant Marisa L. Jorge, a/k/a Marissa Jorge is an individual. She is believed to be a resident of the state of New York. Her last known address is 419 W. 34th Street, #514, New York, New York 10001.

9.  Defendant Jorge has publically identified with a variety of causes which are in line with the stated agenda of PV. Jorge attempted to infiltrate an organization titled "Disrupt J20," an entity opposed to the election of President Donald J. Trump. Jorge was identified by facial recognition and efforts were made to exclude her from meetings of the group. She sought to change her hair color and return to the organization, without success. She has been identified as an agent of Project Veritas.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

3

## Jurisdiction

10.    The Court has jurisdiction over this complaint under Michigan law as the matter relates to the unlawful recording of private conversations and the unlawful taking of property including private correspondence containing private, confidential and proprietary information.

11.    This Court has jurisdiction over this complaint under federal law as the matter relates to the unlawful recording of private conversations, interception of electronic communications and the unconsented accessing of electronically stored communications and documents.

### Venue

12.    Venue is proper in this District as the relevant acts occurred in the County of Wayne, State of Michigan.

### Acts Done: Jorge

13.    AFT Michigan has a practice of welcoming individuals to serve as interns during the Summer months. These persons are those who are interested in public education, the labor movement or both.

14.    In the Spring of 2017, Defendant Jorge approached the Plaintiff upon the recommendation of another person and sought an assignment as an intern.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

4

15.     Defendant represented herself as a student at the University of Michigan who wanted to teach in the public schools. Plaintiff asserted that she was willing to work on various projects for the purpose of becoming more familiar with the school system; that she wanted to be a teacher of second grade students.

16.     Plaintiff interviewed Defendant. During her interview Defendant made several representations which were false and which Defendant knew were false.

     a.     Defendant Jorge misrepresented her identity using a false name and false residence;

     b.     Defendant misrepresented her status as a student at the University of Michigan; she was not enrolled there;

     c.     Defendant had no interest in working in the public schools but rather was an agent of Project Veritas.

17.     Plaintiff accepted Defendant as an intern and beginning in late May, 2017, assigned her to various projects about which Defendant said she was interested.

18.     Plaintiff showed an interest in charter schools and in instances of educators who had supposedly engaged in "sexting" with students; there were no such instances.

19.     Over the next three months Defendant engaged Plaintiff's staff and regularly sought information which was beyond her assignment.

20.     Defendant sought detailed information regarding grievances relating to employee discipline. Plaintiff asked repeatedly whether there were instances in which employees were suspected of or were disciplined for inappropriate sexual contact with students.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

21.     Defendant requested the opportunity to attend bargaining sessions; asked about organizing at various places.

22.     Defendant also sought and was granted access to a substantial amount of confidential and proprietary information including data bases, confidential conferences and the status of grievance.

23.     Defendant used her position as an intern to access the computers of several staff employed by AFT Michigan.

24.     Defendant Jorge was repeatedly seen alone in offices sitting at the computer terminal of other employees.

25.     Defendant Jorge was repeatedly seen alone in offices of other employees accessing files and records. Jorge made false statements regarding her purpose when asked why she was so engaged.

26.     Defendant Jorge was repeatedly seen in the Plaintiff's offices late in the evening well after customary business hours.

27.     Defendant secured access to the computer passwords of persons employed at the Plaintiff. Using these passwords Defendant was able to secure information which was proprietary and confidential.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

### The Covert Recording of Private Conversations

28.     Defendant Jorge employed a hidden camera to covertly record a private conversation with an AFT Michigan staff representative during which she solicited information pertaining to the resolution of a matter pertaining to teacher discipline.

29.     The conversation occurred in the representatives' private office.

30.     Defendant Jorge used a recording device which was secreted on her person or in her clothing; existence of the device was not disclosed during the conversation.

31.     The staff representative had not given permission to record the conversation which was expected to be private.

32.     The conversation was purportedly to assist Defendant Jorge understand how Plaintiff provides assistance in matters of teacher discipline.

33.     Jorge was not given permission to record the conversation and permission would have been denied had it been sought.

### The Dissemination of Unlawfully Recorded Conversations

34.     On May 9, 2018, Defendant Project Veritas published on YouTube portions of the recording of the private conversation between Defendant Jorge and the AFT Michigan staff representative.

35.     This video can be viewed at https://youtu.be/mQJpIvbLrd0 or https://youtu.be/h9U0Y25ytM8 .

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

7

36.     Defendant edited the conversation, did not provide context and as a result provided a distorted and false narrative as to the role of Plaintiff in providing assistance to a person represented by a labor organization affiliated with Plaintiff.

37.     Defendant published the video for the purpose of disparaging Plaintiff and organizations that are similar to Plaintiff.

38.     Defendant Jorge's participation in the covert recording of private conversations was in wholesale disregard of her duties as an intern and her duty of loyalty to Plaintiff.

39.     The video uses the likeness and voice of a private person without his consent for the purpose of economic gain.

40.     The video was obtained through intrusion on the secluded and private workspace of the individual who was recorded.

### The Covert Copying of Private Documents

41.     Accompanying publication of the video of May 9 were links to copies of ten documents which Defendant Jorge removed from private files maintained at Plaintiff's offices and photographed.

> a.     Defendant Jorge had asked about documents pertaining to the matter she discussed with the AFT Michigan staff person;
>
> b.     She was told that the documents were private and she could not see them;
>
> c.     Despite this instruction Defendant Jorge was observed fingering through files in the staff person's office;

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

8

    d.     Defendant Jorge photographed the documents secretly without authorization and provided the photographs to Defendant Project Veritas.

    e.     The photographs reveal the location of the documents when they were photographed as being placed on the desk of the staff representative. Mr. Mickles had expressly denied Jorge access to the documents.

### Acts Done: PV

42.    PV is a vigilante organization which claims to be dedicated to exposing corruption. It is, instead, an entity dedicated to a specific political agenda.

43.    PV is a party to numerous lawsuits asserting that it has defamed individuals by distorting statements and releasing doctored or manipulated video communication

44.    Suits are pending in the United States District Court for the District of Columbia, state court in Florida.

45.    PV founder James O'Keefe was arrested in pursuit of a story in 2010 on a felony charge of break-in at Sen. Mary Landrieu's (D-La.) New Orleans office. He pled guilty to a misdemeanor.

46.    O'Keefe settled a suit filed by an employee of ACORN who asserted that O'Keefe had wholly manipulated a video interview. O'Keefe paid the employee $100,000.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

47.     PV is known to use individuals to infiltrate organizations for the purpose of securing proprietary information and then publishing or making public a version of the information which is distorted and leaves a false impression.

48.     Defendant Jorge made material misrepresentations to Plaintiff for the purpose of gaining access to the Plaintiff's organization.

49.     Defendant Project Veritas has conceded that Jorge was an operative in the employ of or working for PV.

50.     Defendant Jorge solicited information from employees of the Plaintiff; information which was not available to the public.

51.     Defendant's purpose was to use private, proprietary information to attempt to embarrass the Plaintiff and adversely impact labor organizations representing public school employees.

52.     Defendant Jorge accessed information which was stored electronically on computers owned by Plaintiff. Jorge did not have authorization to access this information, to copy it or forward it to anyone.

53.     Acting on behalf of Defendant PV, Defendant Jorge accessed information, copied it and forwarded it to herself for later dissemination to Defendant PV.

54.     Acting on behalf of Defendant PV, Defendant Jorge stole private documents which were the property of the Plaintiff.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

55.     Defendant's form of interaction with staff included repeated searching questions, questions pertaining to public policy issues and queries designed to produce a comment on matters of public policy.

56.     Plaintiff 's staff was recorded without their knowledge or consent.

57.     Defendant Jorge obtained access to Plaintiff's facility through fraud. She misrepresented who she was and her purpose for being present. Her presence was therefore procured via fraud and she was always a trespasser.

58.     Defendant Jorge knowingly obtained information unlawfully, under false pretenses and through fraud.

59.     Defendant Jorge and PV intended to disclose proprietary and private information to the public at large. Defendant has engaged in such behavior on numerous occasions in the past.

60.     The disclosure of this information would cause irreparable harm to Plaintiff and to the persons it represents as it may make public information pertaining to grievances, bargaining proposals and discipline proposed but not imposed on public employees.

61.     AFT Michigan maintains private, confidential and proprietary information to permit Plaintiff to be able to engage in its efforts to champion education, protect students and advance their right to a quality education, advocate for public employees and take positions on matters of public concern.

62.     If published the information can never be recovered; it will be in the public domain.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

11

63.    The extent of Defendant's theft will become clear upon discovery. For the moment it is clear that there was such theft and that Plaintiff will suffer irreparable harm if information is disclosed.

### First Cause of Action: Fraudulent Misrepresentation

64.    Defendant Jorge made material misrepresentations to the Plaintiff with respect to (a) her identity; (b) her purpose for seeking an internship; (c) her interest in public education or the labor movement.

65.    This Defendant's conduct incorporated statements she knew to be false; statements which were proffered to Plaintiff with the intent that Plaintiff rely on them; statements on which the Plaintiff did rely.

66.    Defendant's conduct was for the purpose of commercial gain; an effort to disparage Plaintiff for the purpose of generating economic contributions to Defendant PV.

### Second Cause of Action: Trespass

67.    Defendant Jorge made materially false statements to Plaintiff for the purpose of gaining access to Plaintiff's facility, computers, files and records.

68.    Defendant Jorge would not have been given access to Defendant's offices, computers files or records had she been truthful with respect to her identity and purpose.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

12

69.     Defendant Jorge gained entry to the private offices and work areas of Plaintiff through fraud and consent to her entry was void.

70.     Defendant Jorge trespassed on private spaces of Plaintiff.

**Third Cause of Action: Unconsented Recording of Private Conversations**

71.     Defendant Jorge engaged in a pattern of interrogating persons employed by Plaintiff seeking information which was proprietary;

72.     Defendant Jorge entered private offices without authorization and reviewed files, records and physical material which was proprietary;

73.     Defendant Jorge accessed electronic records of the Plaintiff all of which are proprietary and either copied these records or sent copies of the records to herself.

74.     Defendant Jorge did not have authorization to review proprietary information; did not have authorization to access electronic records; did not have authorization to copy or secure copies of proprietary information.

75.     Defendant Jorge, acting on behalf of Defendant PV, covertly recorded private conversations with persons associated with or employed by Plaintiff.

**Fourth Cause of Action: Larceny by Trick**

76.     Defendant Jorge secured a position with Plaintiff by trick. She misrepresented herself, her name and her status a student.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

77.     Defendant Jorge used her position to gain access to private and proprietary information maintained by Plaintiff and was the Plaintiff's property.

78.     The Defendant's action was a larceny; the taking of images of valuable material for personal gain.

### Fifth Cause of Action: Civil Conspiracy

79.     Defendant Jorge and Defendant PV are joint actors.

80.     Defendant Jorge is an agent for or employee of the Defendant PV

81.     Defendant Jorge lists as her domicile a residence in New York which is the same residence listed by James O'Keefe–chief executive officer of PV–as his residence for voting.

82.     Defendant Jorge and PV have conspired to:

    a.     Have Jorge infiltrate Plaintiff by the making of materially false statements

    b.     Have Jorge gain access to proprietary records of the Plaintiff;

    c.     Have Jorge copy proprietary information and transmit it to herself and Defendant PV

    d.     Plan to disclose proprietary information for the purpose of casting Plaintiff in a false light

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

## Sixth Cause of Action: Violation of the Uniform Trade Secrets Act

83.     Having misrepresented her identity and her status as a student at the University of Michigan, Defendant Jorge, acting for and on behalf of Defendant PV, obtained access to confidential meetings and conferences to discuss strategy with regard to organizing, campaigns and elections and collective bargaining.

84.     Jorge was seen to photograph posters, notes and other materials which related to the discussions of such strategies.

85.     Jorge and her principal PV obtained access to trade secrets via improper means as that term is defined by M.C.L. 445.1902(b) in that Jorge misrepresented her identity and status for the purpose of gaining access to trade secrets.

86.     M.C.L. 445.1902(d) states that a "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that is both of the following:

(I) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

(ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

87.     The information which was exposed to the Defendants was intended to be secret and not disclosed to the public at large. Further, access to this information has an

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

economic benefit to the Defendants and exposure will have an economic impact on Plaintiffs.

88.    M.C.L. 445.1903 provides that this Court has jurisdiction to issue an injunction against actual or threatened misappropriation of a trade secret. And M.C.L. 443.1904 grants this Court authority to impose damages for misappropriation of trade secrets.

### Seventh Cause of Action: Breach of Duty of Loyalty

89.    Defendant Jorge sought the opportunity to provide services to Plaintiff AFT Michigan in exchange for experience working in public education and the labor movement.

90.    Defendant Jorge was engaged as an intern subject to supervision and the duty to respond to direction.

91.    Defendant Jorge had a duty of loyalty and a fiduciary duty to Plaintiff AFT Michigan with respect to matters and information to which she was exposed and to which she was given access.

92.    Through misrepresentation and fraud Defendant Jorge gained access to private meetings and conferences where she had access to confidential discussions and decisions regarding strategy relating to political action and collective bargaining.

93.    Defendant Jorge breached her duty of loyalty and fiduciary duty by:

    a.    Accessing information outside her authorization;

    b.    Accessing information unrelated to her assignment;

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

16

c.  Securing and copying information not generally available to the public for the purpose of sharing that information with Defendant PV

94.  These actions were in complete breach of her obligations to Plaintiff AFT Michigan.

**Eight Cause of Action: Unlawful Interception of Oral Communications**

95.  18 USCA § 2511(d) states that:

It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortuous act in violation of the Constitution or laws of the United States or of any State.

96.  In violation of 18 U.S.C. §§ 2511(1)(a) and 2511(1)(b), Defendant Marisa Jorge, acting on behalf of Defendant PV, willfully recorded the oral communications of Plaintiff's employees by using an electronic device concealed on her person to make video and audio recordings of conversations and meetings involving Plaintiff's employees and pertaining to Plaintiff's affairs and activities.

Mark H. Cousens
Attorney

26261 Evergreen Road
Suite 110
Southfield, Michigan 48076
Phone (248) 355-2150
Fax (248) 355-2170

17

97.     Defendant Jorge's conduct violated Michigan law in that she obtained access to the private offices of Plaintiff by fraud; she committed the tort of trespass; she unlawfully secured and photographed documents all for economic gain.

98.     Neither Plaintiff nor any of Plaintiff's employees consented to the recording of their communications.

99.     With respect to all of the intercepted communications, Defendants acted for the purpose of committing criminal or tortuous acts in violation of the Constitution and laws of the United States and Michigan.

100.     Defendant Project Veritas willfully procured Defendant Marisa Jorge to intercept the oral communications of Plaintiff's employees.

101.     Defendant Project Veritas conspired with Defendant Marisa Jorge to intercept the oral communications of Plaintiffs' employees.

102.     Defendant Project Veritas aided and abetted Defendant Marisa Jorge in intercepting the oral communications of Plaintiff's employees.

**Ninth Cause of Action: Violation of the Electronic Communications Privacy Act**

103.     In violation of 18 U.S.C. § 2701(a)(1) and (2), Defendant Marisa Jorge knowingly and intentionally accessed Plaintiff's computers or computer servers, networks, or systems without authorization and/or knowingly or intentionally exceeded any authorization she did have to access Plaintiff's computers or computer servers, networks, or systems.

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

18

104.    Defendant Marisa Jorge thereby obtained access to wire or electronic communications while they were in electronic storage in Plaintiff's computers or computer servers, networks, or systems.

105.    On information and belief, Defendant Project Veritas conspired with Defendant Marisa Jorge to do so.

106.    On information and belief, Defendant Project Veritas aided and abetted Defendant Marisa Jorge in doing so.

## Relief Sought

The Court should make the following findings and issue the following orders:

107.    A finding that the Defendant Jorge engaged in fraud to secure a position with Plaintiff for the purpose of stealing or otherwise unlawfully obtaining private and proprietary information and trad secrets;

108.    A finding that Defendant Jorge engaged in fraud to secure a position with Plaintiff for the purpose of engaging unlawful surveillance of individuals working for and with Plaintiff;

109.    A finding that Defendant Jorge engaged in trespass for the purpose of gaining proprietary information;

110.    A finding that Defendant Jorge engaged in eavesdropping in violation of M.C.L. 750.539 et seq.;

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

111.   A finding that Defendant secured access to private, confidential and proprietary information through misrepresentation and fraud;

112.   A finding that Defendant breached her duty of loyalty and fiduciary duty to Plaintiff;

113.   A finding that in violation of 18 U.S.C. § 2701(a)(1) and (2), Defendant Marisa Jorge knowingly and intentionally accessed Plaintiff's computers or computer servers, networks, or systems without authorization and/or knowingly or intentionally exceeded any authorization she did have to access Plaintiff's computers or computer servers, networks, or systems;

114.   A finding that Defendant Jorge and Defendant PV have conspired to insert Defendant Jorge into Plaintiff's organization for the improper purposes listed;

115.   As the result of Defendant's actions, Plaintiff reasonably fears that Defendants will conspire to disseminate proprietary information with respect to Plaintiff;

   a.   Defendants have a history of creating false and misleading stories which are then released to news media;

   b.   These stories have taken comments out of context, have materially misrepresented the words of persons interviewed;

   c.   Have cast organizations in a false light for the purpose bringing harm to these entities

   d.   Plaintiff therefore reasonably fears that Defendants joint intent is to publish proprietary information; publish misleading information;

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

publish false information based on records which were obtained in

violation of the law.

116.   But for the intervention of this Court, Defendant is likely to cause Plaintiff

irreparable harm by repeating its pattern of using information unlawfully obtained to

disparage Plaintiff and portray it in a false light.

117.   It is therefore necessary and appropriate that this Court issue orders preventing

such conduct during the pendency of this litigation including

      a.      Issue a temporary injunction enjoining and restraining the

             Defendant Jorge the Defendant PV and any organization associated

             with Defendant PV from disseminating, publishing, displaying or

             otherwise releasing to the public information obtained in violation

             of the law;

      b.      Issue an order directing the Defendants to appear for a hearing on

             Plaintiff's request for injunctive relief;

118.   Grant damages to Plaintiff in excess of $50,000 plus applicable costs and attorney

fees;

119.   Grant punitive damages to Plaintiff of $3,000,000 as permitted by M.C.L.

750.539h

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170

120.    Such other relief as may be appropriate

121.    Plaintiff requests trial by jury.

/s/  Mark H. Cousens

MARK H. COUSENS (P12273)

Attorney for Plaintiff

26261 Evergreen Road, Ste. 110

Southfield, MI 48076

cousens@cousenslaw.com

248-355-2150

P12273

June 13, 2018

## Certificate of Service

I hereby certify that on June 13, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Paul M. Mersino.

Also, I hereby certify that I have mailed by certified United States Postal Service the paper to Paul M. Mersino on June 13, 2018.

/s/ Mark H. Cousens

26261 Evergreen Road, Suite 110

Southfield, Michigan  48076

cousens@cousenslaw.com

248-355-2150

P12273

MARK H. COUSENS
ATTORNEY

26261 EVERGREEN ROAD
SUITE 110
SOUTHFIELD, MICHIGAN 48076
PHONE (248) 355-2150
FAX (248) 355-2170