Abby J. Moscatel
BLACKTAIL LAW GROUP, PLLC
PO Box 931
Lakeside, MT 59922
MT Bar: 66245187
Telephone: (406) 318-7223
Email: amoscatel@blacktaillaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| IN RE SUBPOENA OF RICHARD SEDDON | CASE NO. 1:22-MC-00008-BLG-SPW-TJC  <br><br>**NON-PARTY RICHARD SEDDON'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION** |

### RICHARD SEDDON'S MEMORANDUM IN
### SUPPORT OF MOTION TO QUASH SUBPOENA

COMES NOW, non-party Richard Seddon ("**Seddon**"), through counsel, files this Memorandum in Support of his Motion to Quash an improper subpoena issued by the American Federation of Teachers Michigan ("**Union**") in a case pending for over five years in the Eastern District of Michigan styled *AFT Michigan v. Project Veritas, et al.*, 17-CV-13292 (E.D. Mich.)("**Lawsuit**"), and states:

1

First, the Union tendered the subpoena without a proper witness fee—this means it failed to include the full fee for 1 day's attendance and mileage violating Fed R. Civ P. 45(b)(1) and making the subpoena facially defective.

Second, taken literally, the Union seeks privileged information[1] or information about Project Veritas's donors and supports that was prohibited by earlier court orders and puts an undue burden on Mr. Seddon by trying to get documents and testimony from a non-party after discovery has closed covering what could and should have been obtained from parties to the case while discovery was still open. See generally, Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv).

Lastly, the Union's misconduct in issuing improper subpoenas forced Mr. Seddon to retain this counsel, local Wyoming counsel, local Michigan counsel, and now defend himself in federal court against the Union's improper efforts. After more than five years of litigation, the Union cannot plead ignorance of the Rules. Under Rule 45 and Local Rule 1.1 (d), therefore, this Court should sanction the Union and its counsel for knowingly violating the Rules and ignoring proper process and the procedures for seeking discovery from non-parties in remote jurisdictions far from the pending case or nexus of controversy.

---

[1] The affected Defendant, Project Veritas, filed it own motion to quash and for protective order in this Court on or about June 9, 2022, to protect its privilege, after receiving a notice of the intended subpoena. Mr. Seddon points this Court to the full briefing there (Doc. 2) and focuses this Memorandum on the Union's more egregious efforts to disrupt him personally.

2

**I.     Background**

A little over a year ago, the Union improper claimed to have served a non-party subpoena on Mr. Seddon. Over the written objections of Mr. Seddon's counsel, the Union doxed Mr. Seddon's young daughter and revealed her full name and home address in a federal court pleading in the Lawsuit for no justifiable reason. This Lawsuit, which as pointed out above, has been pending for over five years and in which discovery has been closed for over two years.

For Mr. Seddon's part, he worked for a short time as a contractor for a small business, which in turn, was doing outside consulting for Project Veritas, the Defendant in the Lawsuit. Tenuous as this limited role may be, it is undisputed that he has been known to the Union for the entirety of the Lawsuit, likely even before, any discovery about him, the consulting firms he worked for, or any documents he may have once had, could have reasonably been obtained from the Defendants and its representatives long before now during normal discovery.

That said, the Union claimed it tried to locate Mr. Seddon for years and was unable to do so and had only recently found him. While Mr. Seddon did not appear in the Lawsuit to challenge the Union's baseless assertions about his whereabouts or the Union's and its counsel's lack of diligence in locating or serving him within the prescribed window, he never waived his right to do so and insists upon all the protections and rights afforded to him under Federal Rule now. Nevertheless,

Judge Parker issued a limited order, more than 3 months ago, suggesting that the Union could depose Mr. Seddon, "…the Court finds good cause to extend the discovery deadline for the limited purpose of allowing AFT to depose Mr. Seddon." See Lawsuit Doc. No. 207, PageID 6369, filed here as Doc. 2-2 at 12.

But now the Union goes too far. Not only did it fail to cure the technical deficiencies of the first ham-fisted subpoena, but in issuing a second defective subpoena, the Union bullies past the limited scope of a deposition and demands Mr. Seddon produce many documents—most of which Project Veritas contends are privileged. Indeed, the newest subpoena goes far beyond what was cautiously allowed by the court in Detroit. This transparent effort to circumvent the Rules also seemingly violates earlier court orders in the Lawsuit, which shutdown the Union's efforts to obtain donor information and other protected materials. Now, the Union tries to get from Mr. Seddon what it could not lawfully obtained from Project Veritas. That is does so here, a jurisdiction far flung from Detroit suggests that the Union's failure to fully comply with the Rules are not innocent oversights, but short-cuts arguably designed to harass Mr. Seddon, cause him and his family undue burdens, and avoid the watchful eye of Judge Parker. This Court should not countenance such transparent efforts and should insist that any citizen of Montana (or in this case nearby Wyoming) be afforded all protections available under the Federal Rules, including the Ninth Circuit's insistence that materials available

from parties cannot be obtained from non-parties without foisting an undue burden on them.

## II.     Legal Standard

Motions to quash are properly brought in the court for the district within which the subpoena in question must be complied. Fed. R. Civ. P 45(d)(3)(A). But the courts are split on whether "the district where compliance is required" is determined by the location or place for compliance identified in the subpoena, or whether it is based upon where the subpoenaed individual resides.  *See Adams v. Symetra Life Ins. Co.*, 2020 U.S.Dist.Lexis 16253, *3-4 (D.Kan. 2020). The U.S. District Court for Wyoming has sided with the position that the proper venue is the place of compliance identified in the subpoena. *Deselms v. Occidential Petroleum Corp.*, 2021 U.S.Dist.Lexis 134375, * 12 (D.Wyo. 2021). It is undisputed that Mr. Seddon lives in Wyoming, but the place of compliance was identified as a Billings area hotel. So arguably this Court, therefore, has authority to review this motion to quash.

This is best illustrated in Frank v. Buchanan, 2021 U.S.Dist.Lexis 254955 (D.Wyo. 2021). In that case, a subpoena was served on a Colorado resident to produce documents in Cheyenne, WY. The District Court of Wyoming ruled that it was the proper venue for a motion to compel the discovery because Wyoming was identified as the place where compliance was required in the subpoena. *Id.* at *8-9.

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P 45(d)(1). Notably, this include tendering a proper witness fee under 28 US Code §1821, which references the United States General Services Administration ("**GSA**") rate under 5 US Code §5704, which is currently 58.5 cents per mile.[2]

### III. Argument

#### a. The subpoena must be quashed because it was not properly served with a witness fee

Last year when the Union and its counsel issued its first so-called subpoena, to put it charitably, it was riddled with technical defects, to which Mr. Seddon's counsel timely objected in writing. Among other things, the Union noticed Mr. Seddon's deposition for more than 300 miles from his home in Wyoming and failed to tender the proper witness fee. The burden is on the Union—as the party issuing the subpoena—to fully comply under Fed. R. Civ. P 45(d)(1). The instructions to the Form are arguably clear-enough. Even so, the undersigned spoon-fed the corresponding rules behind the Form and its instructions to the Union's counsel and cited chapter and verse for compliance. Rather than choose to

---

[2] See https://www.gsa.gov/mileage (last accessed June 26, 2022).

6

comply with Federal Rule, the Union instead filed motions in Detroit asking to be excused from full compliance, something the District Court in Detroit specifically refused.

This go-round, the Union's counsel seemingly failed to even check a map and still failed to tender the proper witness fee, which like last year, is easily calculated by reading the corresponding instructions and double-checking the statutory fee and arithmetic. Congress put these rates in place by statute and the federal courts adopted the mileage rates for the same basic purpose of preventing undue burden on non-parties. Albeit modest, the fee is important. The Union and its counsel's failure to tender the requisite witness fee with their first subpoena was perhaps ham-fisted, but to include the wrong witness fee with the second subpoena can only be viewed as deliberate avoidance of the Rules. The Union's counsel had not one, but two chances to get this right and still served the subpoena incorrectly. Taken in context, this suggests gross dereliction of the Rules and is inexcusable misconduct. Because of improper service, therefore, this Court should quash the subpoena as facially defective.[3] *Lee v. Hyster Co., 156 Ill. App. 3d 214, 219-20,*

---

[3] The Union and its counsel's lack of diligence not only extends to a gross neglect in reading the rules and statutes covering subpoenas but has expanded to an obtuse failure to perform basic arithmetic in calculating distances for compliance or required mileage. The Northern Hotel in Billings is 96.3 miles from Mr. Seddon's house in Wyoming. Round trip is 192.6 miles. The statutory GSA mileage rate is 58.5 cents. Thus, the total mileage the Union owed when issuing the subpoena was $112.67—plus a statutory witness fee of $40, for a total amount owed of $152.67. The check provided was for only $124.10, short $28.57.

*509 N.E.2d 586, 590* (1st Dist. 1987) held that party noticing deposition is responsible for statutory witness fee. The failure to tender the statutory witness fee and mileage renders the subpoena unenforceable.

### b. The subpoena should be quashed as it seeks privileged and confidential information that has already been denied by another district court.

Rule 45 also provides that the court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). The Union is trying to get privileged documents from Mr. Seddon that the District Court in Detroit has already said they could not have in the Lawsuit. The instant subpoena seeks information about Project Veritas donors and members. The Union knows that the materials sought are privileged. The Union now insists on insulting this Court by its flagrant attempt at avoiding another court's earlier order. This Court should not permit Mr. Seddon to be used unfairly as a pawn in the Union's gamesmanship. The subpoena should therefore be quashed.

### c. The requested information places an undue burden on Mr. Seddon and thus the subpoena should be quashed.

Courts must also quash or modify a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The subpoena here places an

undue burden on Mr. Seddon because it demands production of information that could have been obtained by the parties to the Lawsuit. Courts throughout the country contend that this is the preferred way to obtain desired information. *Burns v. Bank of America*, 2007 WL 1589437, (S.D. N.Y. 2007). Thus, when information requested in a subpoena is available from a party to the action, any burden it imposes may be undue. See *Duong v. Groundhog Enterprises, Inc.*, 2020 WL 2041939, *7 (C.D. Cal. 2020). That is the case here. Mr. Seddon requests that the Subpoena be quashed.

### d. This Court should award Mr. Seddon his reasonable costs and attorney's fees.

According to Rule, "a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed R. Civ. P. 45 (d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT. (1) Avoiding Undue Burden or Expense; Sanctions. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

In *Coleman-Hill v. Governor Mifflin Sch. Dist., 271 F.R.D. 549, 551 (E.D. Pa. 2010)* the Court granted the defendant's request for attorney's fees in part

9

because the subpoena sought documents beyond what were originally requested from the defendant. The Court found that the plaintiff's attorney acted in bad faith. This is like the case here in that the Union and its counsel go far beyond requesting the approved deposition and instead seeks documents and communications that they know are privileged, or which have been previously denied to them: proof of their acting in bad faith. *In re Air Crash at Charlotte, N.C., 982 F.Supp. 1096, 1095 (D.S.C. 1997)*, the District Court fined an attorney for, in part, not including a mileage or witness fee check with the issued subpoena.

NOW, THEREFORE, because of the procedural defects of the subpoena, the substantive and undue burdens the Union is foisting on Mr. Seddon, and the Union's generalized penchant for not following the federal rules for discovery, Mr. Seddon requests that this Court grant his Motion to Quash, award him his reasonable costs and attorney's fees for filing this motion and provide any other relief that is just and proper.

Respectfully Submitted,
BLACKTAIL LAW GROUP, PLLC

s/ Abby J. Moscatel
BY: ABBY J. MOSCATEL
Montana Bar No. 66245187
PO Box 931
Lakeside, MT 59922
MT Bar: 66245187
Telephone: (406) 318-7223
Email: amoscatel@blacktaillaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2) of the U.S. District Court Rules, I certify that this brief is printed with a text typeface of 14 points; that it is double spaced; and that the word count excluding the caption, this certificate of compliance, the table of contents and authorities, exhibit index, and the certificate of service—is less than 6500 words as calculated by Microsoft Word. DATED this 1st day of July, 2022.

/s/ Abby J. Moscatel

Abby J. Moscatel

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2022, a true and correct copy of the foregoing document was mailed, postage prepaid, and by electronic mail to the following:

| | |
|---|---|
| [X] U.S. Mail<br>[ ] Fed Ex<br>[ ] Hand-Delivery<br>[ ] Facsimile<br>[X] Email | Mark H. Cousens<br>2621 Evergreen Road, Suite 130<br>Southfield, MI 48076<br>cousens@cousenslaw.com |
| [X] U.S. Mail<br>[ ] Fed Ex<br>[ ] Hand-Delivery<br>[ ] Facsimile<br>[X]Email | Joseph E. Sandler<br>Sandler Reiff Lamb Rosenstein<br>1090 Vermont Ave NW<br>Suite 750<br>Washington DC 20005<br>sandler@sandlerreiff.com |
| [X] U.S. Mail<br>[ ] Fed Ex<br>[ ] Hand-Delivery<br>[ ] Facsimile<br>[X] Email | Brad J. Brown<br>Crowley Fleck PLLP<br>900 N. Last Chance Gulch<br>PO Box 797<br>Helena, MT 59624<br>bbrown@crowleyfleck.com |

/s/ Abby J. Moscatel
_____
Blacktail Law Group, PLLC