IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN RE SUBPOENA OF RICHARD SEDDON. | MC 22-08-BLG-SPW-TJC |

Bradford James Brown
CROWLEY FLECK PLLP - HELENA
Attorneys for Defendant - In Re Subpoena of Richard Seddon
900 N. Last Chance Gulch, Suite 200
Helena, Montana  59601
406-449-4165
Fax: 406-449-5140
bbrown@crowleyflect.com

Mark H. Cousens
Attorney for Respondent - AFT Michigan
26261 Evergreen Road, Suite 130
Southfield, Michigan  48076
248-355-2150
Fax: 248-355-2170
cousens@cousenslaw.com

Nathan S. McConnell
MCCONNELL LAW OFFICE
Attorney for Respondent - AFT Michigan
114 West Pine Street
Missoula, Montana  59802
406-721-1262
Fax: 406-543-2557
nate@natemcconnelllaw.com

**BRIEF OPPOSING MOTION BY RICHARD SEDDON TO QUASH SUBPOENA**

## Table of Contents

Table of Authorities .................................................................. ii

Introduction........................................................................... 1

The Case ............................................................................. 1

Richard Seddon's Deposition ........................................................... 3

The Witness Fee ....................................................................... 5

"Privileged Documents" ................................................................ 6

Undue Burden.......................................................................... 7

Fees and Costs......................................................................... 8

Conclusion ............................................................................ 8

# Table of Authorities

**Cases Decided by the U. S. District Courts**

*Andra Group, LP v. JDA Software Group, Inc.*,
  312 F.R.D. 444 (N.D.Tex.,2015) .................................. 7

*Deitz v. Performance Food Group, Inc.*,
  2021 WL 2715974 (W.D.Tex., 2021) ............................ 6

*Enovative Techs., LLC v. Leor*,
  2015 WL 3545579 (D.Md.,2015) ................................. 6

*United States v. Ritchey*, 2022 WL 1914329 (S.D.Miss., 2022) ............................. 6

**Local Court Rules**

Local Rule 7.1(C)(1) ............................................................. 1, 5

## Introduction

The Court should reject out of hand the unfortunate motion filed by a third party witness whose deposition, scheduled by consent, was permitted by the District Judge to whom this case is assigned and before whom the case is pending in the United States District Court for the Eastern District of Michigan.

The motion raises specious issues that are plead without substance and without compliance with Local Rule 7.1(C)(1). The motion is a vacuous attempt at harassment of Plaintiff and the Court should deny the motion.

The motion raises three issues. First, that a subpoena was issued without the requisite witness fee. Second, that the document request accompanying the subpoena requests "privileged" documents. Third, that the document requests are unduly burdensome. None of these arguments is supported by law or fact and each should be rejected

## The Case

1.

This action relates to the conduct of Marissa Jorge, an operative employed by Project Veritas. In 2017 Jorge was sent by Project Veritas to Michigan to seek an unpaid internship with AFT Michigan. AFT Michigan is the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Its Michigan affiliates represent some 35,000 employees of public schools, colleges and universities throughout the State of Michigan.

During an interview with AFT MI, Defendant Jorge presented herself as a student at the University of Michigan whose name was "Marisa Perez." She claimed to be interested in becoming a second-grade

teacher, that her parents were teachers and that she was interested in labor organizations that represented teachers. She said that she wanted to serve as a volunteer intern for AFT Michigan during the Summer of 2017.

Every one of these representations was a knowing and deliberate lie. Jorge was none of the things she said: she was not a student, had no interest in becoming a teacher and she wanted to harm, not help, labor organizations representing educators. To the contrary, she was a spy employed by Defendant Project Veritas who was assigned to infiltrate the Federation, covertly record private conversations and steal confidential documents.

2.

Relying on her falsehoods, AFT Michigan engaged Jorge as an intern for the Summer of 2017. She was entrusted with access to certain information and given various assignments. While so engaged and without permission she rummaged through file cabinets maintained in private offices and without authorization photographed a myriad of confidential documents, covertly recorded conversations with AFT Michigan staff, and accessed electronic files maintained on personal computers assigned to AFT Michigan staff. Further, in direct contravention of Michigan law, Jorge covertly recorded conversations to which she was not a party but merely an eavesdropper. The recordings and copies were routinely sent to Project Veritas.

In her deposition Jorge acknowledged, as did Project Veritas CEO James O'Keefe, that, while engaged at AFT Michigan Jorge was always functioning as an employee of Project Veritas and pursuing its goals and not those of AFT Michigan.

3.

Jorge was discovered as a fraud in September, 2017. Shortly afterward, AFT Michigan filed suit in Wayne County, Michigan, Circuit Court which Project Veritas promptly removed to the United States District Court for the Eastern District of Michigan where the case was assigned to the Hon. Linda Parker as case number 17-13292.

Plaintiff AFT Michigan asserted that Jorge had engaged in a series of torts including fraud, breach of duty of loyalty, trespass and wiretapping in violation of the laws of the United States. A motion to dismiss by Project Veritas was denied with regard to these claims. Indeed, in Judge Parker's June 2019 opinion addressing defendants' motion to dismiss, she noted that defendants had done "little to refute the alleged conduct against them."

### Richard Seddon's Deposition

1.

Richard Seddon was engaged with the Defendant during 2016 and 2017 as a consultant. The exact nature of his employment is to be discovered. Project Veritas CEO James O'Keefe has denied that Seddon was employed by Project Veritas but rather said he was an independent contractor. However, *Seddon was identified by Defendant Marissa Jorge as being her supervisor* while she was working at Project Veritas.

2.

Plaintiff wished to depose Mr. Seddon to determine the origin of the AFT Michigan infiltration. It was entirely unclear why this labor organization was designated and by whom. The Federation wants to know how it was chosen, who participated in the decision and the role of those persons in the decision to spy on the Plaintiff. Plaintiff believes that Mr. Seddon can shed considerable light on these issues.

AFT Michigan faced extensive difficulty in locating Mr. Seddon as he goes to great lengths to keep his personal data secret. Multiple efforts were made to serve him with a subpoena over a three year period. He was finally located on June 26, 2021 and served with a subpoena scheduling a deposition for August 16, 2021. The date and location were unilaterally selected; it was anticipated that counsel for the witness and Plaintiff's counsel would cooperate on scheduling. Instead, Mr. Seddon ignored the subpoena and a Michigan attorney made clear that the defiance would continue.

Although discovery had closed, AFT Michigan filed a motion with Judge Parker asking for permission to depose Mr. Seddon. That motion was granted on March 14, 2022. The decision, attached, does not limit the scope of the deposition or provide any unusual instructions to the parties. The assertion that "...the subpoena goes far beyond what was cautiously allowed by the court in Detroit" is simply false. Brief at 4. There were no restrictions placed on Plaintiff's right to depose Mr. Seddon.

Mr. Seddon engaged Andrew F. Sears as counsel in Wyoming, his state of residence. A civil exchange between counsel resulted in an agreement on a date and location for the deposition. The location, Billings, MT, was suggested by Mr. Seddon's counsel as it would be a more convenient location for out-of-state counsel.

3.

As a routine part of the deposition, Plaintiff issued a subpoena duces tecum requesting that Mr. Seddon produce certain documents if they existed. The subpoena and document request are attached. The information sought relates only to Seddon's tenure with Project Veritas. It seeks correspondence directed to him or from him. It seeks information regarding the terms of his engagement with Project Veritas including his employer and his assignment there. The request does not seek general donor information. Rather, the request seeks copies of correspondence between Mr. Seddon and persons who may or may not

4

be donors to Project Veritas. The request does not seek donor information; does not seek to determine when or how much the person donated. Rather, the request is for correspondence only.

### The Witness Fee

Wyoming counsel for Mr. Seddon agreed to accept service of a subpoena reflecting the mutually agreed upon date and location. On May 26, 2022, the undersigned sent to Mr. Sears a subpoena and a check (number 17853) for $124.10 as a witness fee. The check amount reflected mileage at current rates for the round trip between Powell, WY (Mr. Seddon's residence) and Billings MT. In addition, a $40.00 daily fee was included. The subpoena, notice of deposition and check were sent by United Parcel Service. Proof of delivery was received. See attached.

Mr. Seddon has not provided the Court with a declaration confirming that he did not receive the check along with the subpoena. Neither has Mr. Seddon's Wyoming counsel. The annexed declaration of Plaintiff's counsel confirms that a check was written and was sent to Mr. Seddon's counsel along with the subpoena. Mr. Seddon received the subpoena. But he has not stated, under oath, that he did not receive the witness fee. However, it does appear that the check for the witness fee has not been negotiated as it has not cleared the bank as of this date.

This motion was filed in the late afternoon of July 1, 2022. Until receiving the motion, the undersigned had no idea that Mr. Seddon was claiming that no witness fee had been proffered. This problem could have been easily solved had counsel for Mr. Seddon simply complied with L.R. 7.1(C)(1) and called or emailed to request concurrence in this motion. A replacement check would have been dispatched. Plaintiff makes the same offer here.

5

The purpose for L.R. 7.1(C)(1), and its counterparts in courts throughout the United States, is to avoid burdening the Court with motions that need not have been filed. This is an example of such a motion. The issue of the witness fee could have been resolved without litigation. The Court should deny the motion to quash the subpoena and Plaintiff's counsel will promptly provide a new check.

## "Privileged Documents"

Mr. Seddon submits that the document request accompanying the subpoena asks for production of privileged documents. The motion does not identify which documents might be privileged or what kind of privilege might be attached to them. A general objection based on "privilege" is unacceptable. A party raising privilege has a duty to identify the document and nature of the privilege so that the issue can be properly identified. At least a privilege log should be produced. Nothing of the sort was provided the Court. We are left to guess which documents are involved, how many of them might exist and why they are privileged. Absent such evidence, this motion is specious and should be rejcted.

Further, a third party may not seek to enforce a privilege that belongs to another. Privileges are owned by individuals or groups. But they are personal to someone. A party lacks standing to enforce the privilege of another. See *United States v. Ritchey*, 2022 WL 1914329, at *3 (S.D.Miss., 2022); *Deitz v. Performance Food Group, Inc.*, 2021 WL 2715974, at *3 (W.D.Tex., 2021) (Defendant's arguments are based on third party privacy concerns and Defendant lacks standing to assert any alleged privilege belonging to its employee.); *Enovative Techs., LLC v. Leor*, 2015 WL 3545579, at *1 (D.Md.,2015) (For the same reasons stated *supra*, Defendant lacks standing to raise such claims where he asserts no personal right or privilege in the information sought).

Mr. Seddon may not claim a privilege which belongs to Project Veritas. He presents the Court with nothing which is personal to him or which would justify his refusal to present documents based on a privilege which he owns. Absent such evidence, this motion is without merit.

## Undue Burden

Mr. Seddon claims, without evidence, that producing the documents requested will cause an undue burden "...because it demands production of information that could have been obtained by the parties to the Lawsuit." The argument is unsupported and without merit. The documents requested include those which Plaintiff has not been able to obtain from Project Veritas or which it claims do not exist. The request includes documents which Project Veritas would not have such as forms 1099 or w-2 for the duration of time of his work with Project Veritas.

> "On a motion asserting undue burden, "[t]he moving party has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" "*Wiwa*, 392 F.3d at 818 (quoting *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D.Tex.1998)) (internal quotation marks omitted). The moving party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. See *S.E.C. v. Brady*, 238 F.R.D. 429, 437–38 (N.D.Tex.2006); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D.Tex.2005). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d at 818 (internal quotation marks and footnote omitted). "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (footnote omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.* (footnote omitted).

*Andra Group, LP v. JDA Software Group, Inc.*, 312 F.R.D. 444, 449 (N.D.Tex.,2015)

7

Mr. Seddon has provided nothing which shows why it would burdensome to produce the documents requested. He has simply said that it will be a burden and we should take his word for it. Such a contention is without merit.

### Fees and Costs

Mr. Seddon's request for fees and costs barely requires a reply. If anything, Plaintiff is due costs for having to answer this motion. The motion was initiated without compliance with local rules and has the appearance of being slapped together at the last moment. The brief makes arguments which the most inexperienced of counsel would know are inadequately supported. The motion appears to be little more than harassment of Plaintiff and its counsel. It should be denied out of hand.

### Conclusion

The Court should deny the motion to quash the subpoena with the understanding that Plaintiff will forward to Mr. Seddon's counsel (either in Wyoming or Montana) a check for $124.10 as a fee for attendance and mileage.

/s/ Mark H. Cousens
Mark H. Cousens
Attorney for Respondent - AFT Michigan
26261 Evergreen Road, Suite 130
Southfield, Michigan 48076
248-355-2150
cousens@cousenslaw.com

### Certification

I certify that the above brief contains 2237 words as determined by the WordPerfect word processing program.

/s/ Mark H. Cousens

8