IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

IN RE SUBPOENA OF
RICHARD SEDDON.

MC 22-08-BLG-SPW-TJC

Mark H. Cousens
Attorney for Respondent - AFT
Michigan
26261 Evergreen Road, Suite 130
Southfield, Michigan  48076
248-355-2150
Fax: 248-355-2170
cousens@cousenslaw.com

Nathan S. McConnell
MCCONNELL LAW OFFICES, PLLC
Attorney for Respondent - AFT
Michigan
721 Howell Street
Missoula, Montana  59802
406-214-2445
nate@mcconnell-law.com

MOTION TO FIND RICHARD SEDDON
IN CONTEMPT OF COURT

Pursuant to Rule 45 (f) of the F. R. of Civil Procedure, the Court should find Richard Seddon

in contempt for twice refusing to appear for a scheduled deposition and impose sanctions on both

Mr. Seddon and his counsel for their unilateral and unjustified conduct. Both should be required to

pay the fees involved in rescheduling the deposition and the costs incurred as the result of two late

cancellations of the proceeding.

This motion was presented to counsel for Richard Seddon with a request that he concur in the relief sought. Concurrence was not granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

IN RE SUBPOENA OF
RICHARD SEDDON.

MC 22-08-BLG-SPW-TJC

Mark H. Cousens
Attorney for Respondent - AFT Michigan
26261 Evergreen Road, Suite 130
Southfield, Michigan  48076
248-355-2150
Fax: 248-355-2170
cousens@cousenslaw.com

Nathan S. McConnell
MCCONNELL LAW OFFICES, PLLC
Attorney for Respondent - AFT Michigan
721 Howell Street
Missoula, Montana  59802
406-214-2445
nate@mcconnell-law.com

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION**

**TO HOLD RICHARD SEDDON IN CONTEMPT OF COURT**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

The Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.    The Pending Case against Project Veritas. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     B.    The Witness. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     C.    The PV Motion to Quash. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     D.    Seddon's Motions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

The Unilateral Cancellation of the Depositions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     A.    Unilateral Cancellation of the Deposition of August 18, 2022. . . . . . . . . . . . . 7

     B.    The Unilateral Cancellation of the Deposition of October 27. . . . . . . . . . . . . . 9

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     A.    Discovery is Not Stayed by Pending Motions. . . . . . . . . . . . . . . . . . . . . . . . . 10

     B.    Seddon is Guilty of Contempt. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

     C    No Stay Ever Sought. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Relief Sought. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## Cases Decided by the U.S. Supreme Court

*Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257 (9th Cir., 1964);
cert. denied, 380 U.S. 956,   85 S.Ct. 1082, 13 L.Ed.2d 972 (1965). . . . . . . . . . . . . . . . . . . . . . . 10

## Cases Decided by the U. S. District Courts

*Hinds v. Bodie*, 1988 WL 33123 (E.D.N.Y.,1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Huene v. U.S. Dept. of Treasury, I.R.S.*, 2013 WL 417747 (E.D.Cal.,2013).. . . . . . . . . . . . . . 11

*King v. Fidelity Nat. Bank of Baton Rouge*, 712 F.2d 188 (5th Cir., 1983). . . . . . . . . . . . . . . 11

*Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429 (E.D.Ark., 2011). . . . . . . . . 12

**Introduction**

This action is before this Court because a witness has twice refused to comply with a subpoena issued by this Court and has twice refused to appear for a scheduled deposition. Further, his counsel has stated that the witness will not appear until this Court decides a motion asking that the witness be relieved from having to produce certain documents. There is no motion pending seeking to stay the deposition and no motion seeking to preclude the witnesses' testimony. Rather the only matters outstanding are motions (from the witness and from Defendant Project Veritas) with regard to the production of documents. Mr. Seddon has never asked the Court to be excused from having to testify at a deposition. And Seddon's motion regarding documents is specious.

There was no valid basis for Seddon to refuse to appear for his deposition. The responses from Seddon's counsel seem to suggest that the witness may simply refuse to attend simply because a motion is pending. That is not the law. And Seddon's conduct has cost Plaintiff $975.00 in actual out-of-pocket together with the attorney time associated with having to twice cancel scheduled proceedings. See attachment A, B.

The actions of Seddon and his counsel suggest that each believes that they are immune from adverse consequences for their behavior. This Court should not tolerate so blatant a contempt for its directives. The Court should find Seddon in contempt and impose actual costs of $975 and impose attorney fees of $600 for time spent in cancelling scheduled proceedings and sanction both Seddon and his counsel at least $1,500 for their misconduct.

**The Facts**

A.       The Pending Case against Project Veritas

1.

      This action relates to the conduct of Marissa Jorge, an operative employed by Project Veritas. In 2017 Jorge was sent by Project Veritas to Detroit, Michigan to seek an unpaid internship with AFT Michigan. AFT Michigan is the Michigan affiliate of the American Federation of Teachers, AFL-CIO. Its Michigan affiliates represent some 35,000 employees of public schools, colleges and universities throughout the State of Michigan.

      During an interview with AFT MI, Defendant Jorge presented herself as a student at the University of Michigan whose name was "Marisa Perez." She claimed to be interested in becoming a second-grade teacher, said that her parents were teachers and that she was interested in labor organizations that represented teachers. She said that she wanted to serve as a volunteer intern for AFT Michigan during the Summer of 2017.

      Every one of these representations was a knowing and deliberate lie. Jorge was none of the things she said: she was not a student, had no interest in becoming a teacher and wanted to harm, not help, labor organizations representing educators. To the contrary, she was an spy employed by Defendant Project Veritas who was assigned to infiltrate the Federation, covertly record private conversations and steal confidential documents.

2.

      Relying on her falsehoods, AFT Michigan engaged Jorge as an intern for the Summer of 2017. She was entrusted with access to certain information and given various assignments. While

2

so engaged and without permission she rummaged through file cabinets maintained in private offices and without authorization photographed a myriad of confidential documents, covertly recorded conversations with AFT Michigan staff, and accessed electronic files maintained on personal computers assigned to AFT Michigan staff. Further, in direct contravention of Michigan law, Jorge covertly recorded conversations to which she was not a party but merely an eavesdropper. The recordings and copies were routinely sent to Project Veritas.

In her deposition Jorge acknowledged, as did Project Veritas CEO James O'Keefe, that, while engaged at AFT Michigan Jorge was always functioning as an employee of Project Veritas and pursuing its goals and not those of AFT Michigan.

3.

Jorge was discovered as a fraud in September, 2017. Shortly afterward, AFT Michigan filed suit in Wayne County, Michigan, Circuit Court which Project Veritas promptly removed to the United States District Court for the Eastern District of Michigan where the case was assigned to the Hon. Linda Parker as case number 17-13292.

Plaintiff AFT Michigan asserted that Jorge had engaged in a series of torts including fraud, breach of duty of loyalty, trespass and wiretapping in violation of the laws of the United States. A motion to dismiss by Project Veritas was denied with regard to these claims. Indeed, in Judge Parker's June 2019 opinion addressing defendants' motion to dismiss, she noted that defendants had done "little to refute the alleged conduct against them." [ECF No. 104, PageID.2528].

Plaintiff's action remains pending before Judge Parker. She has under advisement three motions relating to the litigation. Among these are objections filed by Project Veritas to a recommendation from the Magistrate Judge regarding disclosure of the name of certain donors.

B.      The Witness

1.

Richard Seddon was assigned by Project Veritas to supervise Marissa Jorge while she was engaged in infiltrating AFT Michigan. He has personal knowledge of facts critical to the Plaintiff's presentation of its case. He will also have information regarding how AFT Michigan was selected as a target for the infiltration as opposed to other, larger, labor organizations representing public employees in the State of Michigan. And he may know which third parties financed the AFT Michigan infiltration.

Seddon has a history of work in the intelligence community. Locating him was very difficult. Project Veritas witnesses claimed that they did not know where he lived (although there is some doubt as to whether that is true). As the declaration of Brad Murray, submitted to Judge Parker noted, DKT 193, Page ID 6365, efforts to locate Mr. Seddon took place over three years and was a "difficult task."

2.

Seddon was finally located in Powell, Wyoming and served with a subpoena on June 20, 2021. Ex 1. The subpoena he received was a "placeholder," i.e. with date and location unilaterally selected and both to be addressed when counsel for the witness was appointed. However, Plaintiff had some concern as to whether Seddon would comply with the subpoena. Discovery in the underlying case had concluded. Therefore, to insure that Plaintiff had authorization to issue and enforce a subpoena, Plaintiff moved for leave to take his deposition. On March 14, 2022, Judge Parker granted Plaintiff's request. Ex. 2.

4

3.

Following Judge Parker's decision, Plaintiff's counsel contacted the Michigan attorney who had indicated that he represented Mr. Seddon in Michigan. He referred Plaintiff to Andrew Sears, a Wyoming attorney who would act as Seddon's counsel regarding this deposition. Mr. Sears was contacted on April 14, 2022. Ex 3. Mr. Sears acknowledged that he was counsel to Mr. Seddon and would accept service of a subpoena. Ex 4. A civil, but extended, communication began as Plaintiff sought to secure a date for Mr. Seddon's deposition. Mr. Sears suggested that the deposition be conducted in Billings, MT to which Plaintiff agreed. Ex 5. A date and location were finally approved.

4.

A subpoena and document request was sent to Mr. Sears along with the requisite witness fee. Ex 6. Counsel for Defendants were notified thereafter. On May 25, 2022, the deposition was confirmed for August 18, 2022 in Billings, MT. Notice was sent to counsel for Defendants. Ex 6.

C.     The PV Motion to Quash

On July 9, 2022 Defendant Project Veritas filed a motion with this Court seeking to quash the subpoena. DKT 2. The motion did not seek to prevent the appearance of Mr. Seddon at a deposition. Rather, the motion was directed at request one of the document request. Request one asks Seddon to produce copies of correspondence between him and "...any donor to Project Veritas..." Project Veritas opposes that request. That matter has been briefed and is awaiting decision by this Court. But Project Veritas did not claim that Plaintiff was not entitled to depose Seddon. Nor did Project Veritas move to quash the remaining requests for production of documents or file a motion to stay the deposition.

5

D.    Seddon's Motions

1.

On July 1, 2022, Mr. Seddon filed an untimely motion to quash. DKT 12. The motion was filed more than a month after the subpoena had been delivered to Mr. Seddon's Wyoming counsel. The motion raised the false contention that no witness fee had been provided when a check accompanied the subpoena had been sent to Mr. Sears. However, in an abundance of caution, a replacement check was sent to the witness's counsel. A supplemental declaration confirming the same was filed on July 27, 2022. DKT 20. Counsel for Mr. Seddon has not recanted the claim that no witness fee was provided nor has either Seddon or his counsel provided a declaration asserting that no replacement fee was received. Instead, Seddon's counsel has backtracked, now claiming that the witness fee was short by some $38.00.

Seddon's motion raised two other issues, also without merit. But both were directed at the obligation to produce documents. *The motion did not seek to stay the deposition.* Indeed, no motion for stay has ever been filed.

2.

On September 7, 2022 counsel for Mr. Seddon submitted objections to the document request which accompanied the subpoena. Ex. 7. The objections were filed 105 days after the subpoena was served on Mr. Seddon's counsel, some 75 days late. Further the objections are but an aggregation of words and phrases that appear to have been copied from a form book. No substantive objection was submitted. Counsel was notified that her objections were specious in separate correspondence dated September 8, 2022. Ex. 8.

6

3.

On October 6, 2022 counsel for Mr. Seddon filed a motion with this Court seeking oral argument on Seddon's pending motion to quash. DKT 27. The motion was labeled as "unopposed." The motion was served by ECF and email on Plaintiff's counsel who was ill at the time. Seddon's counsel was advised that Plaintiff's counsel was ill and needed to confer with his client before Plaintiff could make a decision regarding concurrence with the motion. Seddon's counsel acknowledged the illness. Nevertheless, she immediately filed the motion for argument stating it to be "unopposed" although concurrence had not been granted and Plaintiff's counsel had not been able to confer with his client. Plaintiff responded to the motion the next day opposing the request. DKT 28. Seddon's counsel then submitted a reply attempting to excuse her misrepresentation to the Court. DKT 29.

In an afterthought, in her reply brief, Seddon's counsel added a paragraph seeking to stay the Seddon deposition. This comment was made without factual support and without providing the opportunity for Plaintiff to reply. *Id*.

## The Unilateral Cancellation of the Depositions

A.    Unilateral Cancellation of the Deposition of August 18, 2022

1.

On August 11, 2022, counsel for Mr. Seddon notified all counsel to the matter that she wished to reschedule Mr. Seddon's deposition then scheduled for August 18, 2022. Ex 9. This request was made but two business days before counsel were to travel to Montana for the deposition. The request was rejected the next day at 10:47 a.m. Eastern time. Ex 10. However, at about 5:00 p.m.

Eastern time, counsel stated that Mr. Seddon would not appear for his deposition claiming that the mere filing of a motion to quash stayed discovery. Ex 11. Later, in separate filings, counsel asserted that the deposition was cancelled in response to Mr. Seddon's family emergency. Ex. 14-1. Plaintiff incurred a cost of $325 for late cancellation of the conference room where the deposition was to take place.

2.

      Mr. Seddon's counsel was notified that the cancellation of the August 18 deposition was unacceptable. However, in the interest of comity and hoping to avoid further conflict Plaintiff agreed to select another date. On August 18, 2022, the parties agreed to reschedule the Seddon deposition for October 27, 2022.  Ex. 12. Notice of taking the deposition was issued the same day. Ex. 13.

3.

      In light of the unilateral cancellation of the August 18, 2022 deposition, Plaintiff sought to confirm the scheduling for October 27 and make a record of the events leading up to the agreement to reschedule. On September 7, 2022 correspondence was sent to Mr. Seddon's counsel which included copies of all interaction leading up to the rescheduling. Ex 14. The annexed documents refuted certain misleading and false statements made by counsel in correspondence to Plaintiff and to this Court. The annexed documents notified counsel that there was no basis for the unilateral cancellation of the deposition and made clear that it was expected that the October 27 deposition would proceed as scheduled.

Another confirmation was sent to Seddon's counsel on October 18, 2022 reminding her that travel plans had been made and that Plaintiff expected the deposition to proceed as scheduled.  Ex 15.

B.     The Unilateral Cancellation of the Deposition of October 27

Despite the agreement to conduct the deposition on October 27 and the circulation of notices, on October 20, 2022 Seddon's counsel wrote the parties that she viewed the October 27 date as merely "for scheduling purposes only" and that the deposition could not proceed while motions to quash were pending. She demanded that the parties agree to reschedule. Ex 16.

Plaintiff's counsel wrote to state that the pending motions were not a valid basis for refusing to participate in the deposition and asking that Seddon confirm, unequivocally, that he was refusing to appear to testify. Ex 17. No reply was received leaving the out-of-state attorneys uncertain whether they were to travel to Billings. Another query was sent. Ex. 18. And then another. Ex 19. Finally, on October 21, 2022 Seddon's counsel stated that "If the court rules in your favor and you tender the full witness fee, then Mr. Seddon will attend. Otherwise you'll need to reschedule as suggested or file your motion(s)." Ex. 20, 21.

Given this intransigence, Plaintiff's counsel concluded that travel to Billings would be futile. Ex 22. The deposition was cancelled with Plaintiff incurring a charge of $650.00 for late cancellation of the conference room where the deposition was to take place.

9

**Argument**

The Court should hold Richard Seddon in contempt of court for his arbitrary and unilateral refusals to appear for his deposition. Plaintiff should be awarded the costs imposed on Plaintiff for the late cancellation of reserved conference rooms and the attorney fees associated with unwinding the scheduled travel and the fees associated with the submission of this motion.

A.      Discovery is Not Stayed by Pending Motions

1.

The filing of a motion to quash does not stay discovery nor does it provide an excuse to refuse to attend a deposition. The Court of Appeals for the 9th Circuit has made that clear:

> "Counsel's view seems to be that a party need not appear if a motion under Rule 30(b), F.R.Civ.P. is on file, even though it has not been acted upon. Any such rule would be an intolerable clog upon the discovery process. Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard. He might also appear and seek to adjourn the deposition until an order can be obtained. (Rule 30(d)). But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains. Otherwise, as this case shows, a proposed deponent, by merely filing motions under Rule 30(b), could evade giving his deposition indefinitely. Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear."

*Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir., 1964); cert. denied, 380 U.S. 956, 85 S.Ct. 1082, 13 L.Ed.2d 972 (1965)

This view is shared widely:

> Generally, unless a party or witness files a motion for a protective order and seeks and obtains a stay prior to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition. (Citing *Pioche Mines, supra*) ....*8A Wright, Miller & Marcus, Federal Practice and Procedure* § 2035 (3d ed. 2012) ("At least with regard to depositions, the [protective] order should ordinarily be obtained before

the date set for the discovery, and failure to move at that time has been held to preclude objection later [.]") (footnote omitted); *Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Fed. Civ. Pro. Before Trial* ¶ 11:1166 (The Rutter Group 2012) ("A party served with a deposition notice or discovery request must obtain a protective order (e.g., a stay of the deposition pending hearing on the motion) before the date set for the discovery response or deposition. The mere fact that a motion for protective order is pending does not itself excuse the subpoenaed party from making discovery [.]") (italics in original); *Koninklike Philips Elec. N.V. v. KXD Tech., Inc.*, 2007 WL 3101248, at *18 (D.Nev.2007), appeal dismissed, 539 F.3d 1039 (9th Cir.2008) ("Absent a protective order or an order staying the deposition, the party, including its officers or Rule 30(b)(6) deponents, is required to appear for a properly noticed deposition."); see also *Albert v. Starbucks Coffee Co.*, 213 F. App'x 1, 1 (D.C.Cir.), cert. denied, 551 U.S. 1118, 127 S.Ct. 2944, 168 L.Ed.2d 270 (2007) (unpublished per curiam order) ("Appellant cites no supporting authority for the proposition that the mere filing of a motion for protective order requires the court to excuse a party's failure to obey a court order compelling attendance at a deposition. Indeed, the published authority addressing the issue suggests the contrary.") (italics in original).

*Huene v. U.S. Dept. of Treasury, I.R.S.*, 2013 WL 417747, at *3 (E.D.Cal.,2013)

A motion to quash must not only be made but must have been granted before the scheduled

deposition to excuse compliance with a subpoena. *King v. Fidelity Nat. Bank of Baton Rouge*, 712

F.2d 188, 191–92 (5ᵗʰ Cir., 1983)

2.

Courts in other locations have reached the same conclusion.

"As to Plaintiffs' first argument, the filing of a motion to quash does not automatically stay a deposition. "The mere act of filing a motion ... does not relieve a party of the duty to appear; the party is obliged to appear until some order of the court excuses attendance." For example, in a case where the plaintiff/deponent filed a motion to quash on the Friday before her Monday deposition, and then failed to appear for her deposition, sanctions were imposed by the court. The appellate court noted that "[g]iven the timing, [the plaintiff] could hardly have expected in good faith to receive a court order excusing her attendance" and affirmed the lower court's imposing of sanctions.

"Contrary to Plaintiffs' assertions, the burden is on the movant to obtain a ruling on a motion to quash before cancelling a deposition. Here, Plaintiffs made no attempt

to contact my office on Friday or over the weekend (or before) about a discovery dispute that was obviously ripe (or over-ripe); instead, Plaintiffs' lawyers took it upon themselves to cancel the deposition without authority."

*Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429, 436 (E.D.Ark., 2011)

B.     Seddon is Guilty of Contempt

The disregard of a lawfully issued subpoena is contempt. Rule 45(f) states that a "failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena issued."

"Evasion of a deposition subpoena constitutes an obstruction of the administration of justice. A court is entitled to have its orders obeyed. *Shillitani v. United States*, 384 U.S. 370 (1966). When a witness, litigant or attorney refuses to appear for a deposition or other necessary proceeding, the court must act in order to maintain not only its control over the proceedings but also to effectuate a subsequent resolve of the entire matter."

*Hinds v. Bodie*, 1988 WL 33123, at *1 (E.D.N.Y.,1988)

C     No Stay Ever Sought

Mr. Seddon has not sought to prevent his deposition; no motion to stay has been filed. His motion to quash relates only to the requirement that he produce certain documents. His motion is specious as it simply asserts, without any factual support, that seeking documents would be unduly burdensome. But the motion, itself, is unrelated to his obligation to testify at a deposition. Even assuming that the filing of a motion to quash does justify delay of a deposition–and it does not–this motion has never sought to excuse Seddon's testimony. Seddon's assertions to the contrary are made in complete bad faith.

**Relief Sought**

The Court should find Mr. Seddon in contempt. It should impose sanctions on Mr. Seddon and his counsel. The sanctions should include the costs Plaintiff has encountered due to the late cancellation of the conference rooms ($325 and $650) and the time spent in unwinding travel and court reporter arrangements (two hours at Lodestar rate of $300 an hour). Further, punitive sanctions of at least $1500 should be imposed on Mr. Seddon's counsel for her deliberate disregard of the impact of a of subpoena. Counsel was cautioned on August 12 that consent to rescheduling would not be granted yet she acted unilaterally. She was then reminded twice more that the deposition was going forward yet she arbitrarily decided that the pendency of a motion to quash stays the deposition. This kind of attorney misconduct should not be tolerated.

**Conclusion**

The Court should find Richard Seddon in contempt of court and impose costs of $975 and attorney fees of $600. The Court should further find that Abigail Moscatel should be sanctioned $1500 for her twice unilaterally cancelling scheduled depositions without justification and without legal authority.

The Court should also issue an order directing Mr. Seddon to appear for a deposition in Billings, MT at a date to be determined following consultation among the Court and counsel.

/s/ Mark H. Cousens
Mark H. Cousens
Attorney for the Plaintiff
26261 Evergreen Road, # 130
Southfield, Michigan 48076
(248) 255-2150
October 25, 2022                    cousens@cousenslaw.com

13

Certification

This brief complies with L.R. (d)(2)(A) in that the document contains 3,715 words exclusive of the caption, table of contents, notice of compliance and index of authorities as computed by the WordPerfect program.

14