

Abby J. Moscatel
Blacktail Law Group, PLLC
PO Box 931
Lakeside, Mt 59922
amoscatel@blacktaillaw.com
406-318-7223

Mark H. Cousens
26261 Evergreen Rd, Suite 130
Southfield, Michigan, 48076
248-355-2150
cousens@cousenslaw.com

CC: All Counsel

September 7, 2022

Counsel,

I received your continued deposition notice correspondence dated September 7, 2022, addressed only to me. As a threshold matter, I again request that you please forward your correspondence and attachments to all counsel on correspondence relating to my client's deposition and the motions before the court because it affects all concerned. Your repeated failure to do so creates confusion as we all await the Court's decision.

Please allow me to address many of your alleged "facts" contained in your correspondence.

First, neither my firm nor my client agree to pay fees which you or your client may have incurred related to August 18, 2022 deposition date, for three reasons: 1) The court has not yet ruled on whether the deposition subpoena will be quashed in part or whole; 2) Good Cause existed to move the deposition given we are awaiting court ruling and because my client's father passed, requiring him to travel out of the country; and 3) You have not sent the proper witness fee nor have you stated that you will provide the proper witness fee before the deposition.



Second, I don't have any personal knowledge of what communication you had with counsel in other states or prior to my appearance. Regardless, shortly after I was retained and reviewed the subpoena, I did move to quash. Moreover, in the correspondence I reviewed, not only did Mr. Seddon's other counsel repeatedly object to your earlier subpoenas and deposition notices, but they reserved all objections, which includes my properly filed motion to quash. Your filed Response did not claim that my Motion was untimely, so any belated attempt to argue such leans petty and seem like an attempt to create an inaccurate record. The Court has all the documents needed to rule on the two motions before it and should have time to do so before the October deposition date.

Third, you state that I am "critical" of the deposition location. To clarify, I have no opinion on the deposition location, provided however, that the rules are followed, and good faith is applied. Please keep it professional, counselor.

Fourth, you state in your letter that I told the court no witness fee has been paid. This is another untruth. If you read the motion and Reply carefully, you will see that I argued that the witness fee submitted on behalf of your client is short. Your insistence on trying to short pay Mr. Seddon for the appearance and your persistent refusal to correct the matter has been pointed out to you no fewer than three times (by Michigan counsel, Wyoming counsel, and now, by me, Mr. Seddon's Montana counsel).

Fifth, while we did agree on holding the October 27, 2022, deposition date, my client reserved all objections and now timely objects to the specific document demands. Please see attached objection. Additionally, while I cannot imagine the Court not ruling on the motions before the deposition date, I will seek to again move the deposition if we don't have rulings before mid-October. Clearly, we can't resolve our disagreements without Court intervention.

Thank you for your time, Counselor.


___/s/_____
Abby J. Moscatel

(Enc.)