Abby J. Moscatel
BLACKTAIL LAW GROUP, PLLC.
PO Box 931
Lakeside, MT 59922
MT Bar: 66245187
Telephone: (406) 318-7223
Email: amoscatel@blacktaillaw.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

IN RE SUBPOENA OF RICHARD SEDDON             CASE NO. 1:22-MC-00008-BLG-SPW-TJC

## NONPARTY RICHARD SEDDON'S RESPONSE MEMORANDUM TO AFT MICHIGAN'S MOTION TO FIND RICHARD SEDDON IN CONTEMPT OF COURT AND TO AWARD SANCTIONS AGAINST MR. SEDDON AND COUNSEL

COMES NOW, nonparty Richard Seddon ("**Mr. Seddon**"), through counsel, and files this Response to a motion to hold Mr. Seddon in Contempt of Court by the American Federation of Teachers Michigan AFT-Michigan ("**AFT Michigan**") ostensibly over a case pending more than five years in the Eastern District of Michigan styled *AFT Michigan v. Project Veritas, et al.*, 17-CV-13292 (ED Mich.)("Lawsuit"), and states:

AFT Michigan's Motion to hold Mr. Seddon in Contempt of Court and to award sanctions against both Mr. Seddon and his counsel must be denied because AFT Michigan's Motion is unfounded factually and AFT Michigan mistakenly relies on the wrong rules, and inapposite cases, which do not support AFT Michigan's aggressive Motion and demands for sanctions.

1

## Argument

### 1.  The Undisputed Facts do not support AFT Michigan's Motion.

First, it is undisputed that Mr. Seddon's subpoena arises out of an out-of-state lawsuit where the Court granted AFT Michigan's Motion to extend the discovery deadline to depose Mr. Seddon. (DKT 30-4). But the Michigan court did not authorize a subpoena for documents, nor did it give AFT Michigan license to ignore its other orders or the Rules of Civil Procedure in seeking Mr. Seddon's testimony.

That overreach by AFT Michigan led Mr. Seddon to file his Motion to Quash the Subpoena to Produce Documents and Information on the 1st day of July, 2022. (DKT 12 at 12-1). AFT Michigan responded on the 5th day of July, 2022. (DKT 13 at 13-11). Project Veritas is also challenging the subpoena for several additional reasons—including privilege and confidentiality of sensitive donor information— all of which remain pending before this Court. (DKT 2). There is no court order transferring the subpoena to this Court or Mr. Seddon's home jurisdiction (Wyoming), and there is no court order compelling Mr. Seddon to appear for a deposition or produce any information by or on a specific date. Mr. Seddon requested an oral argument to avoid unnecessary deposition delays. (DKT 27, 29).

Mr. Seddon and Project Veritas argue that the deposition subpoena issued by AFT Michigan is facially and procedurally flawed. For example, AFT Michigan

tendered a deposition and document subpoena for Mr. Seddon without the proper witness fee in violation of Rule 45(b)(1). AFT Michigan also improperly seeks privileged information about Project Veritas's donors. These undisputed facts support what was prohibited by an earlier court, and AFT Michigan is now placing an undue burden on Mr. Seddon by trying to get documents and testimony from a nonparty after discovery has closed covering what could and should have been obtained from parties to the case while discovery was still open. AFT Michigan's lack of diligence in the original case is forcing it into subpoena gymnastics and excuse-making here, unnecessarily burdens this Court, and unfairly forcing Mr. Seddon to retain this counsel, local Wyoming counsel, local Michigan counsel, and to now defend himself in federal Court against AFT Michigan's improper efforts. *See* generally, Rule 45 (d)(3)(A)(iii) and (iv); Local Rule 1.1(d); DKT 12-1.

This Court recently discouraged such efforts—not by sanctioning the nonparty as AFT Michigan demands—but by doing the opposite, by awarding sanctions ***against the party*** for improperly seeking information through a nonparty subpoena. On the 6th day of May 2022, Dana L. Christensen, District Judge for United States District Court, Missoula Division, granted a nonparty's Motion to quash a subpoena duces tecum in part because the subpoena imposed an undue burden on the nonparty witness. *See* Case 9:19-cv-00050-DLC DKT 84 at PG 8-9), **Exhibit A**. The Court stated, in part:

3

"Because Rule 45 is not designed "to provide an end-run around the regular discovery process under Rules 26 and 34," when "documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness." *Burns v. Bank of Am.*, 2007 WL 1589437, *14 (SD NY 2007). As such, when information requested in a subpoena is available from a party to the action, any burden it imposes may be undue. *See Duong v. Groundhog Enterprises, Inc.*, 2020 WL 2041939, *7 (C.D. Cal. 2020)." (Case 9:19-cv-00050-DLC DKT 84 at 9).

Judge Christensen ruled that the subpoena was served with improper motivations and ordered the offending party to pay the nonparty's attorneys' fees. (Case 9:19-cv-00050-DLC DKT 84 at 14).

In a similar way, this Court should reject AFT Michigan's demands for contempt sanctions. AFT Michigan has failed to identify what order Mr. Seddon is purportedly in contempt of. Quite the opposite, instead of relying on the Rules, AFT Michigan violates them and then demands Mr. Seddon be sanctioned for refusing to comply with AFT Michigan's unsupported and irrational view of its obligation under Rules 11 and 45. For these reasons, this Court should deny AFT Michigan's Motion for contempt in its entirety.

## 2. Case Law does not support AFT Michigan's Motion.

Not only does AFT Michigan fail to describe what facts support a finding of contempt, but it goes on to offer two cases in support of its argument that Seddon is Guilty of Contempt" under Rule 45(f). (DKT 30 at 12).

But this is inapposite and severely misapprehends the cases and Rules. First, *Shillitani* is a case from the Southern District of New York, making it persuasive at best, but not binding. *See generally Shillitanai v. United States*, 384 US 370 (1966). Worse, *Shillitani* involved a grand jury investigating possible violations of federal narcotics laws where the witnesses were properly served with a subpoena to testify, defied the subpoena, were ordered by the Court to testify, and then defied the court-ordered subpoena. *Id*. This makes the case for Seddon, not AFT Michigan. Here, there was no proper subpoena. There was no court order compelling his testimony or production of documents. And most importantly, there is no defiance of any such order. AFT Michigan's impatience and efforts to skip the line defy good cause and undermine the protections the Rules afford to nonparties like Mr. Seddon.

The other case" to support Contempt is not a case reported in the Federal Register but is an unpublished two-page memorandum of decision and order from a district court in New York that held a nonparty witness in Contempt of Court for failure to appear as required by the Court, and ***only after*** the nonparty witness failed to appear for deposition, defied a court order to appear for deposition, and finally failed to appear to answer a second Order to Show Cause set by the Court. *Hinds v. Bodie,* 1988 WL 33123 (EDNY, 1988).

One thing we agree on, generally, is that the AFT Michigan's cited cases do outline steps for contempt proceedings, including 1) proper subpoena; 2) defy proper subpoena; 3) motion and order to compel appearance; 4) defy court order to appear; and 5) fail to appear at Order to Show Cause hearing. Where we disagree strenuously, however, is that AFT Michigan thinks it has proven all the steps. Mr. Seddon suggests that the union is at step 1—and should advance no further when this Court rules on its pending Motion to Quash.

AFT Michigan then cites irrelevant cases when parties use Fed. R. Civ. P. 30(b) covering motions to avoid depositions. (DKT 30 at 10-12). Mr. Seddon is not a party attempting to hide behind Rule 30(b). Rather, he is a nonparty witness asserting his rights to challenge the validity of a subpoena under Rule 45. *See generally* Fed. R. Civ. P. 45 (d)(3)(A)(iii) and (iv); Local Rule 1.1(d); DKT 12-1. Mr. Seddon is not motivated to delay court rulings. He timely filed a motion to quash and has since requested an oral argument to resolve timing issues as quickly as possible. (DKT 27, 29). Unfortunately, AFT Michigan opposed the oral argument too. Instead, it filed this Motion for contempt.

### 3.  AFT Michigan's Motion Cuts Against the Spirit of Fed. R. Civ. P. 11(b).

It must also be noted that Rule 11 normally governs filing requirements before this Court, including motions for sanctions or Contempt as is before it now. Rule 11(b)(1-4) governs regarding representations to the Court states the following:

By presenting to the Court a pleading, written Motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Here, Mr. Seddon contends that AFT Michigan's Motion is being presented to harass, cause unnecessary delay, and needlessly increase litigation costs in violation of Rule 11(b)(1).

AFT Michigan also seeks reimbursement costs for a so-called hotel conference room that it could have gotten without court intervention. Specifically, AFT Michigan demands $975 in late cancellation fees for conference rooms reserved for his deposition (DKT 30 at 13). Yet right after AFT Michigan filed with this Court, Project Veritas's counsel offered to pay those fees if AFT Michigan would withdraw its Motion, reasoning that how the Court rules on the pending motions to quash "[m]ay have an impact on what documents must be

brought, what questions may be asked, and a plethora of other questions pertaining to the how, when, where, and what of a potential deposition." *See* Project Veritas Meet and Confer, **Exhibit B**. Counsel for Project Veritas referenced a comparable example in the underlying Michigan case wherein all counsel agreed not to hold the deposition of one of AFT Michigan's national members until the Michigan court had ruled on the pending motions regarding the scope of the same. *Id*. On the 2nd day of November 2022, AFT Michigan refused Project Veritas's offer. *See* AFT Michigan Meet and Confer, **Exhibit C**.

In other words, AFT Michigan violated Rule 11(b)(2) and (3) in several ways. First, by filing for sanctions without waiting 21 days and giving the other side an opportunity to cure any alleged defect. Rule 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5. Still, it must not be filed or be presented to the Court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the Court sets. If warranted, the Court may award to the prevailing party the reasonable expenses, including attorneys fees, incurred for the motion

AFT Michigan emailed the Motion to Mr. Seddon's counsel at 7:37 am MDT on the 26th day of October 2022 and then filed the Motion at 10:15 am MDT the same day and sought to conflate two motions into one by styling it as a Motion for Contempt. *See* AFT Michigan Courtesy Copy, **Exhibit D**; (DKT 30 at 1).

Second, AFT Michigan also violated Rule 11 (b) (3) and (4) by stating that Mr. Seddon denied receiving any witness fee. This is in direct contradiction to the record. On the 1st day of July 2022, Mr. Seddon stated in his Memorandum of Support of Motion to Quash Subpoena to Produce Documents and Information that AFT Michigan failed to *tender the proper witness fee*. (DKT 12-1 at 7) (emphasis added).

Mr. Seddon has clarified the defect for AFT Michigan repeatedly, including in its Reply brief, stating that the witness fee provided to Mr. Seddon's counsel was $124.10, but the correct amount was $160.38. (DKT 26 at 9), making the fee short.

Still, as late as the 26th day of October 2022, in its Motion for Contempt and sanctions, AFT Michigan continued its claim that it sent Mr. Seddon the requisite witness fee (DKT 30 at 5). In the same Motion, AFT Michigan also continues to argue that Mr. Seddon denied ever receiving any witness fee, which is just as untrue. (DKT 30 at 6). By refusing to follow the Rules (both Rule 11 in presenting it Motion for Contempt and Rule 45 in tendering the wrong witness fee), AFT Michigan continues to dig its own procedural grave deeper while demanding that Mr. Seddon jump in. Mr. Seddon declines that invitation and asks this Court to deny AFT Michigan's Motion in its entirety.

9

**4.  Fed. R. Civ. P. 45(f) is the Wrong Rule.**

Lastly, AFT Michigan's Motion was grounded in Rule 45(f). (DKT 30 at 1).

AFT Michigan wrote in its Motion that "Rule 45(f) states that a 'failure by any

person without adequate excuse to obey a subpoena served upon that person may

be deemed a contempt of court from which the subpoena issued.'" (DKT 30 at 12).

This appears to be the wrong rule altogether, as Rule 45(f) refers to transferring a

subpoena-related motion, not filing motions in the jurisdiction where the subpoena

demanded compliance, as here. Rule 45(f) states,

> When the Court where compliance is required did not issue the subpoena,
> it may transfer a motion under this rule to the issuing Court if the person
> subject to the subpoena consents or if the Court finds exceptional
> circumstances. Then, if the attorney for a person subject to a subpoena is
> authorized to practice in the Court where the motion was made, the
> attorney may file papers and appear on the motion as an officer of the
> issuing Court. To enforce its order, the issuing Court may transfer the
> order to the Court where the motion was made.

In other words, AFT Michigan continues to misconstrue its obligations under Rule

45(a-e), while trying to sanction Mr. Seddon by bootstrapping inapposite cases

from far-flung jurisdictions and inapplicable Rules like 30 or 45(f). This sort of

inattention to detail and carelessness is itself an undue burden on Mr. Seddon and

serves yet another reason to deny AFT Michigan's Motion in its entirety.

## Conclusion

AFT Michigan's motion to hold Mr. Seddon in Contempt and to seek sanctions

against Mr. Seddon and his counsel should be denied given that the Motion is

premised on the wrong rules and, more pressingly, because the facts and case law do not support AFT Michigan's arguments, and AFT Michigan ignored Rule 11(b)(1)-(4), wasting significant time and money of this Court and Mr. Seddon in the process. For these reasons and the reasons stated above, this Court should deny AFT Michigan's Motion for Contempt in its entirety.

Respectfully submitted,

/s/ *Abby J. Moscatel*

BY: ABBY J. MOSCATEL

Montana Bar No. 66245187

PO Box 931, Lakeside, MT 59922

MT Bar: 66245187

Telephone: (406) 318-7223

Email: amoscatel@blacktaillaw.com

## CERTIFICATE OF COMPLIANCE

Under LR 7.1(d)(2)(B) of the US District Court Rules, I certify that this Reply brief is printed with a text typeface of 14 points; that it is double-spaced; and that the word count, excluding the caption, this certificate of compliance, and the certificate of service—is fewer than 3250 words as calculated by Microsoft Word. DATED this 17th day of November 2022.

/s/ Abby J. Moscatel
_____

Abby J. Moscatel

Blacktail Law Group, PLLC.

COUNSEL FOR MR. SEDDON

12

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of November, a true and correct copy of the foregoing document was emailed and served through PACER to the following:

[] U.S. Mail                          Mark H. Cousens

[ ] FedEx                             2621 Evergreen Road, Suite 130

[ ] Hand-Delivery                     Southfield, MI 48076

[ ] Facsimile                         cousens@cousenslaw.com

[X] Email


[] U.S. Mail                          Joseph E. Sandler

[ ] FedEx                             Sandler Reiff Lamb Rosenstein

[ ] Hand-Delivery                     1090 Vermont Ave NW.

[ ] Facsimile                         Suite 750

[X]Email                              Washington DC 20005

                                      sandler@sandlerreiff.com

[] US Mail

[  ] FedEx

[  ] Hand-Delivery

[  ] Facsimile

[X] Email

Brad J. Brown

Crowley Fleck PLLP.

900 N. Last Chance Gulch

PO Box 797

Helena, MT 59624

bbrown@crowleyfleck.com


/s/ Abby J. Moscatel

Abby J. Moscatel

Blacktail Law Group, PLLC.

COUNSEL FOR MR. SEDDON