IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THE CENTER FOR ASBESTOS RELATED DISEASE, INC., <br><br> Defendant. | CV 19–40–M–DLC <br><br><br><br> ORDER |

A non-party to this case, McGarvey Law, has moved the Court to quash a subpoena duces tecum issued by Plaintiff BNSF Railway Company ex rel. the United States of America ("BNSF"), pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Doc. 51.) Both BNSF and Defendant the Center for Asbestos Related Disease, Inc. ("CARD") have submitted responsive filings. (Docs. 53; 54.) For the reasons stated herein, the motion will be granted, and the subpoena quashed. The Court will also impose sanctions.

**BACKGROUND**

This is a qui tam action brought by BNSF on behalf of the United States. (*See generally* Doc. 22.) The crux of this action complains that CARD has fraudulently diagnosed patients with asbestos related disease to obtain federal medical benefits. (*Id.*) CARD is a non-profit entity dedicated to the identification

1

and treatment of asbestos related disease in Lincoln County, Montana. Over the years, thousands of Lincoln County residents have brought lawsuits over their exposure to asbestos. Many of these lawsuits have been brought against BNSF and many of these plaintiffs have been represented by McGarvey Law.

Indeed, McGarvey Law is actively representing plaintiffs in asbestos related lawsuits against BNSF. BNSF appears to theorize that McGarvey Law is involved in CARD's ostensible fraudulent scheme. The heart of this theory is that McGarvey Law and CARD "worked in concert to broaden the diagnostic criteria for what qualifies as an asbestos related disease, and knowingly circumvented the requirements under the Affordable Care Act in order to obtain Medicare benefits for CARD patients and McGarvey clients." (Doc. 53 at 3.) Because of this, on the afternoon of Friday, December 10, 2021, BNSF sent a Rule 45 non-party subpoena duces tecum (Doc. 51-1) to McGarvey Law's general firm email address, *firm@mcgarveylaw.com*. (Doc. 51-2 at 1.) McGarvey Law did not see the email until Monday, December 13, 2021. (*Id.*)

The subpoena seeks, in relevant part, any documents from January 1, 2010 to December 10, 2021, "sent by [McGarvey Law], or received from, CARD Inc., the CARD Clinic, the CARD Foundation the CARD Board of Directors or any individual CARD employee, CARD board member or CARD health care provider (including, but not limited to Dr. Charles Brad Black), related to the following"

2

subjects:

1. Whether Dr. Black or any other CARD Clinic providers have been defined as a "qualified physician" for purposes of reading CT scans or chest x-rays.

2. Diagnostic protocols or procedures for inclusion of CARD Clinic patients for further treatment, study or review at CARD based on an equivocal chest x-ray or CT scan.

3. CARD's federal grants for the screening, diagnosis or treatment of Asbestos Related Disease.

4. Any referrals of CARD patients to the McGarvey law firm for representation or legal services of any kind.

5. Any referrals of McGarvey law firm clients for medical diagnosis, care or treatment to the CARD Clinic.

6. Any payment for services of any kind by McGarvey Law to Dr. Black or any other CARD Clinic employees.

7. Any payments to the CARD Foundation by any person or entity.

8. Any interpretation or discussion of any language under any provisions found in the Affordable Care Act related to the availability of Social Security, Medicare or any other State or Federal benefits based on the diagnosis of Asbestos Related disease.

9. The current lawsuit styled as BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA, v. The CENTER FOR ASBESTOS RELATED DISEASE, INC., Civil Action No.: CV-19-40-M-DLC.

(Doc. 51-1 at 12–13.) The subpoena required McGarvey Law to accomplish the

document production on or before December 27, 2021. (*Id.* at 3.) McGarvey Law

3

did not respond to the subpoena, and instead, on December 23, 2021, filed its objections to the subpoena and moved this Court for an order quashing it. (Doc. 51.)

McGarvey Law challenges the subpoena on various grounds, arguing it should be quashed because it: (1) demands compliance within a patently unreasonable amount of time; (2) impermissibly seeks cumulative and duplicative documents it could obtain, and has already obtained, from CARD; (3) imposes an undue burden; and (4) seeks irrelevant information. (*Id.* at 12–15.) McGarvey Law also requests sanctions. (*Id.* at 15–18.) BNSF defends the subpoena's validity and argues sanctions are unwarranted. (Doc. 53.)

## ANALYSIS

Rule 45 permits parties to subpoena documents from non-parties. *See generally* Fed. R. Civ. P. 45. But there are limits. Under the threat of sanctions, a non-party subpoena cannot impose an undue burden or expense. Fed. R. Civ. P. 45(d)(1). It also must "allow a reasonable time to comply" and avoid requiring the "disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(i), (iii)–(iv). If a Rule 45 subpoena runs afoul of these limitations it must be modified or quashed. *Id.*

Moreover, even though Rule 45 does not specifically incorporate Rule 26's limitations on discovery "it is generally accepted that the scope of discovery

4

allowed under Rule 45 is limited" to the same extent as discovery under Rule 26. *Jordan v. Commissioner, Mississippi Dept. of Corrections*, 947 F.3d 1322, 1329 (11th Cir. 2020); *see also Duong v. Groundhog Enters., Inc.*, 2020 WL 2041939, *6–7 (C.D. Cal. 2020). This understanding is consistent with the Advisory Committee Notes to Rule 45, which provide "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45, Advisory Committee Notes—1970 Amendment.

Rule 26 establishes the scope of discovery, stating "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery may also be limited when the request at issue "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Generally, this Court must apply these standards more stringently with respect to "discovery requests directed to non-parties because nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party." *In re Globalstar Securities Litigation*, 2005 WL 8173325, *4 (S.D. Cal. 2005) (citing *United States v. C.B.S.*, 666 F.2d 364, 371–72 (9th Cir. 1982)) (internal alterations omitted). When the foregoing principles are applied to the

subpoena at issue, the Court finds it must be quashed.

### A. Relevancy.

The Court begins with the issue of relevancy. What is relevant, for discovery purposes, is defined broadly but retains "ultimate and necessary boundaries." *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Generally, to be relevant, the discovery requested must involve "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Voelker v. BNSF Railway Co.*, 2020 WL 6149553, *2 (D. Mont. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

McGarvey Law argues BNSF's subpoena targets irrelevant documents and amounts to a fishing expedition. (Doc. 51 at 15.) In McGarvey Law's view, because BNSF's operative complaint in this case complains of CARD's allegedly improper diagnosis of asbestos related disease, communications between it and CARD have no bearing on the issues in this case and BNSF's subpoena is designed to support its independent theory that there is some sort of improper referral relationship between BNSF and McGarvey Law. (*Id.*) BNSF responds that communications between CARD and McGarvey Law will necessarily demonstrate that CARD had "knowledge, plan and intent behind its practices" of improperly diagnosing individuals with asbestos related disease. (Doc. 53 at 9–10, 14.)

The Court finds that a limited amount of the information sought by BNSF's

subpoena meets the broad definition of relevance afforded that term for discovery purposes. Specifically, the subpoena, at least in part, seeks communications between CARD and McGarvey Law related to asbestos related disease diagnoses. (Doc. 51-1 at 13.) It also seeks documents that *may* provide motivations behind or explanations of CARD's alleged diagnosis scheme, such as monetary payments from McGarvey Law or discussions related to CARD's asbestos related disease diagnoses. In other words, some of the information sought may reveal admissible information relevant to the issues raised by BNSF in this case.

### B.     Cumulative or Duplicative.

Because the Court finds the information sought is relevant, it turns to whether BNSF's subpoena seeks cumulative or duplicative information. McGarvey Law argues the subpoena is unreasonably cumulative or duplicative because BNSF could obtain an identical set of documents by serving a Rule 34 request on CARD. (Doc. 51 at 13–14.) As McGarvey Law points out, it appears such a request was served on CARD by BNSF and that a production of 7802 emails was made. (Doc. 55 at 1–2.)[1] BNSF has not challenged the sufficiency of CARD's production. (*Id.* at 3.) In response, BNSF offers that although it "has already attempted to obtain

---

[1] This request stated: Please produce any written agreements, contracts, invoices, records of payment, correspondence, communication, emails or written records of any kind related to the topic of work or services requested by any employees or members of the McGarvey law firm to be performed by Dr. Black and/or CARD employees, officers, directors, agents, or representatives from January 1, 2009 to the present. (Doc. 55 at 1.)

7

full email trains and other correspondence between CARD and McGarvey" Law, "[t]hese communication chains have been incomplete." (Doc. 53 at 12.) BNSF does not elaborate on CARD's supposedly incomplete production.

The documents BNSF seeks through its subpoena of McGarvey Law are already within the scope of the discovery request served upon CARD. (Doc. 55.) As such, they are inherently duplicative and cumulative. To the extent BNSF argues compliance with the subpoena is necessary because CARD provided an incomplete production, this argument is undermined by the fact that BNSF has never challenged the sufficiency of CARD's production. The discovery request served upon CARD sought any communications *between* CARD and McGarvey Law from January 2009 to the present, which would necessarily capture the communications sought in the subpoena currently at issue. In short, the Court agrees with McGarvey Law the subpoena is unreasonably cumulative and duplicative.

    **C.**    **Undue Burden.**

The Court also finds BNSF's subpoena imposes an undue burden. McGarvey Law has submitted a declaration outlining at length the resource expenditure necessary to accomplish the production sought by BNSF. (Doc. 51-2 at 3.) McGarvey Law argues this significant burden is undue because BNSF can obtain (and already has obtained) such information by serving a Rule 34 discovery

8

request on CARD. (Doc. 51 at 13–14.) BNSF responds by discounting the burden imposed on McGarvey Law in producing over 10 years of communications between it and CARD and explains that this burden is necessary to fill in the gaps of the production provided by CARD in response to the identical discovery request discussed above. (Doc. 53 at 11–13.)

Because Rule 45 is not designed "to provide an end-run around the regular discovery process under Rules 26 and 34," when "documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness." *Burns v. Bank of Am.*, 2007 WL 1589437, *14 (S.D. N.Y. 2007). As such, when information requested in a subpoena is available from a party to the action, any burden it imposes may be undue. *See Duong v. Groundhog Enterprises, Inc.*, 2020 WL 2041939, *7 (C.D. Cal. 2020). That is certainly the case here.

As discussed at length above, BNSF has served a discovery request on CARD seeking information identical to that sought in the McGarvey Law subpoena. And CARD has already made the production without any objection from BNSF. (Doc. 55.) BNSF admits the current subpoena is aimed at capturing what CARD *may* have left out. (Doc. 53 at 11–12.) But Rule 45 subpoenas do not function as a double check on the sufficiency of a production made by a party under Rule 34. Given the massive time expenditure necessary for McGarvey Law

9

to make a responsive production, and the fact that the subpoena is designed to obtain what BNSF believes CARD possibly left out, the Court finds that BNSF's subpoena imposes an undue burden.

### D. Time for Compliance.

As a final matter, the Court addresses whether BNSF's subpoena demands compliance within an unreasonable amount of time. Recall, the subpoena provided to McGarvey Law on December 10, 2021, required compliance by December 27, 2021 (Doc. 51-1 at 3.)[2] Excluding weekends and the Christmas Eve holiday, McGarvey Law was given 10 business days to comply. McGarvey Law characterizes this time frame as "patently unreasonable." (Doc. 51 at 12–13.) In responding, BNSF does not directly address the truncated deadline it imposed but does express its "confiden[ce]" that "appropriate time . . . modifications can be made." (Doc. 53 at 13.) The Court agrees with McGarvey Law.

The Court finds that BNSF's subpoena requests compliance in an unjustifiably short amount of time. BNSF's subpoena seeks a myriad of information extending over a nearly 12-year period, implicating confidential information regarding McGarvey Law's representation of thousands of clients in

---

[2] The Court uses the term "provided to," as opposed to "served," because the record does not reveal BNSF accomplished independent service within the meaning of Rule 45(b)(1). McGarvey Law does not challenge sufficiency of service so the Court does not address it. For purposes of assessing time of compliance, the Court begins not from the date of service, which is unknown, and instead on the date it was sent to McGarvey by BNSF via email, December 10, 2021. (Doc. 51-2 at 2.)

10

asbestos-related civil litigation.  McGarvey has not unreasonably estimated the time commitment attendant to accomplishing the production at issue.  (Doc. 51-2 at 3.)

Because Rule 45 has been crafted to mirror "the other discovery rules," *see* Federal Rule of Civil Procedure 45, Advisory Committee Note, 1970 Amendment, Rule 34, which governs document productions, is helpful is in determining what is a reasonable amount of time.  Under Rule 34, a party is generally afforded 30 days to produce documents, no matter how small or non-complex the request.  Fed. R. Civ. P. 34(b)(2)(A).  Here, BNSF sought compliance within a third of that timeframe.  Given the complexity of the production sought, this rushed deadline is hard to justify.  In short, the Court finds BNSF's subpoena fails to allow a reasonable time for compliance.

Because the subpoena unreasonably seeks cumulative and duplicative information, imposes an undue burden on McGarvey Law, and fails to allow reasonable time to comply, it must be quashed or modified, pursuant to Rule 45(d)(3)(A)(i).  Given the core issues identified above with respect to BNSF's subpoena, the Court elects not to occasion the significant modifications necessary to render it valid under Rule 45.  Instead, it will be quashed.  As a final matter, the Court must address the issue of sanctions.

11

### E. Sanctions.

Rule 45 provides, in relevant part:

*Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). This provision "imposes obligations on both attorneys and courts; attorneys must obey their duty under the rule, and courts must enforce it." *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012).

But Rule 45(d)(1) sanctions do not follow automatically when the subpoenaing party loses a motion to quash. *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). Instead, this Court may "impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *Id.* Importantly, a showing of bad faith is not necessary, and Rule 45(d)(1) sanctions may be warranted even when a party or attorney acts in good faith. *Mount Hope Church*, 705 F.3d at 428. The Court finds sanctions are warranted in this case.

McGarvey Law argues BNSF knew or should have known its subpoena would constitute an undue burden and also that its actions were improperly motivated. (Doc. 51 at 15–18.) Specifically, McGarvey Law argues the subpoena

12

was issued by BNSF to impede McGarvey Law's ability to prosecute their client's cases against BNSF and to obtain evidence for use in those cases. (*Id.*) In support of these accusations, McGarvey Law has submitted a declaration stating that shortly after BNSF sent it the subpoena, BNSF filed summary judgment motions in 11 cases involving McGarvey Law clients and BNSF, along with discovery requests and deposition notices in 8 separate cases. (Doc. 51-2 at 1–2.)

BNSF offers little in response, but denies it issued the subpoena to harass McGarvey Law or its clients. (Doc. 53 at 15.) Essentially, BNSF responds to McGarvey Law's request for sanctions by contending the subpoena seeks relevant information and that it would have granted any request to extend the time to respond. (*Id.*) This is insufficient to justify the defects in the subpoena noted above.

BNSF issued a subpoena seeking over ten years of communications between a law firm and medical facility that treated hundreds if not thousands of its clients. The significant effort necessary to comply with this request, given the confidential and voluminous information involved, is obvious. Couple this with the astoundingly short response deadline of just 10 days, and the need for sanctions becomes clear. *See In re: Modern Plastics Corp.*, 890 F.3d 244, 251–52 (6th Cir. 2018). Pursuant to Rule 45(d)(1), the Court will sanction BNSF by awarding McGarvey Law reasonable attorney's fees incurred in objecting to and quashing

13

BNSF's subpoena.

Accordingly, IT IS ORDERED that McGarvey Law's motion (Doc. 51) is GRANTED and the subpoena served upon it by BNSF is QUASHED.

IT IS FURTHER ORDERED that on or before May 20, 2022, McGarvey Law shall submit a(n) affidavit(s) of attorneys' fees. BNSF may object to the reasonableness of these fees within 14 days of the affidavit(s) being filed.

DATED this 6th day of May, 2022.

*/s/ Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court