## Abby Moscatel

| | |
|---|---|
| **From:** | Mersino, Paul M. <mersino@butzel.com> |
| **Sent:** | Thursday, October 27, 2022 8:24 AM |
| **To:** | Mark Cousens; Abby Moscatel; Brad J. Brown; 'Stephen Klein'; Nate McConnell |
| **Subject:** | Recently filed Motion in District of Montana |

Mark:

We are in receipt of your filed Motion for Contempt.  While it is not directed at my client, we do have an interest in the orderly, timely, professional manner in which the deposition in question is scheduled and held and in avoiding needless costs whenever possible.  The non-party deponent filing a response, Project Veritas potentially filing a response, AFT Michigan filing a reply, and the parties potentially having to appear for a hearing (which we would have no choice but to attend) sounds like an awful waste of everyone's time and resources, to say nothing of the judicial resources that would be affected.

As we all know, there are multiple pending Motions to Quash the subpoena in question.  How the Court rules on that motion may have an impact on what documents must be brought, what questions may be asked, and a plethora of other questions pertaining to the how, when, where, and what of a potential deposition.  It would seem to make sense to permit the Court to rule on those motions prior to the deposition.  This is no different than the fact that we subpoenaed Randi Weingarten a number of years ago for her deposition, but all counsel involved with scheduling that have agreed not to hold that deposition until the E.D. Michigan has ruled on the pending motions regarding the scope of same.  While we may agree to disagree as to the need for that, it does sound as though we all want to avoid the continuous rescheduling of the deposition and having to continue to make new plans and arrangements.

I also understand that you have incurred certain costs for cancelation fees for conference rooms in Montana that you'd previously booked.  I, too, have continued to have to reschedule things and deal with cancellation issues.  And rescheduling the deposition again without having a final ruling from the Montana District Court could lead to a similar situation.  I would like to propose a solution that may work for and help all of us.

I am willing to have your out-of-pocket costs of $975 that you allege in your Motion for Contempt that you incurred covered and paid for you, in exchange for you withdrawing your Motion for Contempt and agreeing that we will adjourn the scheduling of the deposition in question in Montana until after the pending Motions to Quash and issues therein are ruled upon (whether that be by the District of Montana court, the Eastern District of Michigan (as you have requested that the question be sent back there), or by any other court who ultimately decides that issue).  This will save the parties the time, resources, annoyance, and distraction of serially dealing with the issue of scheduling and will make you whole for the out-of-pocket costs you state you've incurred.  I am also certain that the Courts will be most pleased with us handling this issue ourselves and not bothering the Federal Judge over this few hundred dollar issue.

Such agreement would be on a confidential basis (we would simply inform the Court that you are withdrawing your motion) and would be with the understanding and agreement that all parties and non-parties reserve all other rights, objections, claims, arguments, positions, etc.

Please advise if this is acceptable to you.

Paul

**Paul Mersino**
*Director / Shareholder*
mersino@butzel.com

1

**Direct: (313) 225-7015  |  Mobile: (313) 269-2651**



Main: (313) 225-7000  |  Fax: (313) 225-7080
150 West Jefferson, Suite 100  |  Detroit, MI  48226



Confidentiality Statement: This message, including attachments, may be confidential, legally privileged, and/or subject to data privacy protections. If not for you, do not review, use or share it; notify us immediately and delete it. Thank you.