IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN RE SUBPOENA OF RICHARD SEDDON. | MC  22-08-BLG-SPW-TJC |
| | **ORDER** |

Before the Court are Project Veritas's ("PV") Motion to Quash Subpoena to Produce Documents and Information (Doc. 1), Non-Party Richard Seddon's ("Seddon") Motion to Quash Subpoena to Produce Documents and Information (Doc. 12), and AFT Michigan's ("AFT") Motion to Find Richard Seddon in Contempt of Court (Doc. 30).

Having considered the parties' submissions, the Court finds the motions to quash should be **GRANTED in part** and **DENIED in part**, and the motion to hold Seddon in contempt should be **DENIED**.[1]

## I.    BACKGROUND

In September 2017, AFT Michigan ("AFT"), the Michigan affiliate of the American Federation of Teachers, AFL-CIO, brought this action against PV, a self-described nonprofit journalism enterprise, and its employee, Marissa L. Jorge ("Jorge") in Michigan state court.  The action arose out of PV and Jorge's

---

[1] The Court finds this matter is suitable for determination on the papers. Accordingly, Seddon's Motion Requesting Oral Argument on Motion to Quash Subpoena (Doc. 27) is **DENIED**.

1

infiltration of AFT's organization under the guise that Jorge was a University of

Michigan student interested in an internship. AFT alleges that after it accepted

Jorge as an intern, she secretly recorded conversations that were uploaded to

YouTube, and she impermissibly accessed computers, offices, files, records and

secured information.

In October 2017, the case was removed to the United States District Court

for the Eastern District of Michigan, and assigned to United States District Judge

Linda V. Parker and United States Magistrate Judge Elizabeth A. Stafford. *AFT*

*Michigan v. Project Veritas, et al.*, Case No. 17-13292-LVP-EAS (E.D. Mich. Oct.

6, 2017).

During discovery, a dispute arose between the parties concerning AFT's

discovery requests for information about PV's donors. On July 2, 2020, Magistrate

Judge Stafford issued an Order finding that:

> the identities of donors who financially supported defendants'
> infiltration of AFT MI are relevant to its claims and not protected by
> the First Amendment; that the identities of those who O'Keefe
> updated about the infiltration are relevant witnesses or co-
> conspirators, and should be disclosed; and that the identities of PV
> donors with no connection to the events at issue in AFT MI's
> amended complaint are protected from disclosure under the First
> Amendment.

*AFT Michigan*, Case No. 17-13292-LVP-EAS, Doc. 152 (E.D. Mich. July 2,

2020). Magistrate Judge Stafford, therefore, ordered PV to disclose to AFT, the

identities of the "supporting" and "solicited" donors. (*Id.*)

2

PV filed an objection to the Order, which is currently pending before District Judge Parker.  *AFT Michigan*, Case No. 17-13292-LVP-EAS, Doc. 157 (E.D. Mich. July 2, 2020).

Thereafter, in July 2021, AFT filed a motion to extend the discovery deadline to take the deposition of non-party Seddon.  Through discovery, AFT learned that Seddon had worked for PV for some period of time between 2016 and 2018, and supervised Jorge in her infiltration of AFT.  On May 14, 2022, District Judge Parker granted AFT's motion.  *AFT Michigan*, Case No. 17-13292-LVP-EAS, Doc. 207 (E.D. Mich. March 14, 2022).  Judge Parker expressly permitted AFT to depose Seddon and found PV had not asserted a viable challenge to the subpoena.  *Id.* at 11.  The subpoena presented to Judge Parker demanded Seddon to produce "[a]ny document, whether tangible or electronic, relating to work performed for, with o[r] on behalf of Project Veritas; any document relating to compensation paid by Project Veritas for services performed for it."  (Doc. 2-7 at 2.)

Following Judge Parker's Order, AFT re-issued the subpoena to Seddon on May 25, 2022, and expanded on its prior document demand.  In the May 25, 2022 subpoena, AFT demanded Seddon produce the following six categories of documents:

> 1.     A copy of any correspondence sent or received between June 1, 2016 to October 1, 2017, whether physical or electronic between

3

Richard Seddon and Project Veritas, any officer of Project Veritas, any employee of Project Veritas, any donor to Project Veritas or any volunteer services to Project Veritas or Project Veritas Action Fund.

2.     A copy of any contract or agreement between Richard Seddon and Project Veritas made at any time for any reason.

3.     Any document, whether physical or electronic, which explains, touches upon, creates or establishes any professional, business, economic or other relationship between Richard Seddon and Project Veritas, Project Veritas Action Fund or any other entity associated with Project Veritas.

4.     Any document, whether physical or electronic, which explains, touches upon, creates or establishes any professional, business, economic or other relationship between Richard Seddon and any entity associated which provides service or assistance to Project Veritas.

5.     Any document relating to or confirming or agreeing to provide compensation or consideration to be paid to Richard Seddon or any entity on his behalf in exchange for services performed by Richard Seddon at or on behalf of Project Veritas, Project Veritas Action Fund or any other entity associated with Project Veritas.

6.     Copies of any IRS forms W-2 or 1099 issued to Richard Seddon from any entity for calendar year 2017.

(Doc. 2-1 at 6.)

## II.     DISCUSSION

### A.     Motions to Quash

Both PV and Seddon move to quash the May 25, 2022 subpoena.  PV's and

Seddon's motions to quash are properly before this Court pursuant to Rule

45(d)(3), as the subpoena is to be complied with in this jurisdiction.

4

PV argues the May 25, 2022 subpoena goes beyond the "limited purpose of allowing AFT to depose Mr. Seddon" that was permitted by Judge Parker. Specifically, PV objects to the first document demand listed on the subpoena, which asks for copies of any correspondence between Seddon and "any donor to Project Veritas." (Doc. 2-1 at 6.)

Judge Parker has already directed that Seddon may be deposed, and Magistrate Judge Stafford has already determined what donor information is discoverable. *AFT Michigan*, Case No. 17-13292-LVP-EAS, Docs 152, 207 (E.D. Mich. March 14, 2022 and July 2, 2020). The Court declines to revisit those determinations here. The demand for correspondence between Seddon and "*any* donor to Project Veritas*" in the May 25, 2022 subpoena clearly exceeds the scope of discovery that was allowed by the Eastern District of Michigan. Accordingly, the May 25, 2022 subpoena shall be quashed.

AFT may, however, re-issue the subpoena to Seddon, but must tailor its document demands to comply with Judge Stafford's Order concerning the permissible scope of discoverable donor information. In short, AFT may not demand information about "*any* donor." Rather, the demand must be narrowed.

Seddon also challenges the subpoena on grounds that AFT tendered insufficient witness fees, and that compliance with the subpoena would be unduly burdensome. The Court is not persuaded by Seddon's arguments. First, although

5

Seddon generally claims the subpoena is burdensome, he has not provided specific evidence or argument that convinces the Court that complying with the subpoena would impose an unnecessary burden or expense upon him. Second, the squabble over witness fees is easily cured. When AFT re-issues the subpoena as directed above, it shall also tender a correctly calculated witness fee.[2]

Finally, both PV and Seddon request the Court to impose sanctions and award their costs and attorneys' fees. The requests are declined. "[W]hile failure narrowly to tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). The Court finds sanctions are not warranted here.

## B.    Motion to Hold Seddon in Contempt

AFT also requests the Court hold Seddon in contempt for refusing to appear for his deposition that was scheduled for October 27, 2022.

The only authority in the Federal Rules of Civil Procedure to sanction a non-party for failing to comply with a subpoena is Rule 45(g). *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983). Under Civil Rule 45(g),

---

[2] Based on Seddon's representation that the round trip milage from his home in Wyoming to the Northern Hotel in Billing is 192.6 miles, it appears the proper witness fee is $160.38 (192.6 miles × 62.5 cent current mileage rate + $40 witness fee).

a court may hold a non-party in contempt for failing "without adequate excuse" to obey a subpoena. Fed. R. Civ. P. 45(g). A party may suspend the obligation to comply with a subpoena by serving an objection on the requesting party, or by moving to quash or modify the subpoena. *In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014); Fed. R. Civ. P. 45(d)(2)(B); 45(d)(3).

Here, Seddon filed a motion to quash the subpoena. This qualifies as an "adequate excuse." *Pennwalt Corp.*, 708 F.2d at 494 (finding contempt sanction was not proper under Rule 45 because non-party had objected to subpoena by filing a motion to quash, and the district court had not yet ordered it to comply); *Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 2016 WL 5469257, at *4 (E.D. Cal. Sept. 29, 2016) (finding non-party was not in contempt for failing to attend deposition where a motion to quash had been filed).

Having filed a motion to quash, the Court finds Seddon did what he was legally required to do to respond to the subpoena. As such, there is no contempt here. AFT's motion is, therefore, denied.

## III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1.      Project Veritas's Motion to Quash (Doc. 1) is **GRANTED in part** and **DENIED in part**;

2.     Non-Party Richard Seddon's Motion to Quash (Doc. 12) is

**GRANTED in part** and **DENIED in part**.

3.     The May 25, 2022 subpoena issued to Richard Seddon is quashed.
AFT Michigan may re-issued a subpoena to Richard Seddon with a modified
document demand that conforms to the scope of discovery authorized by the
Eastern District of Michigan.

4.     AFT Michigan's Motion to Find Richard Seddon in Contempt of
Court (Doc. 30) is **DENIED**.

**IT IS ORDERED.**

DATED this 22nd day of November, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge